[Criminal No. 950. Filed April 13, 1945.]

[158 Pac. (2d) 156.]

NATHANIEL D. HIGHTOWER, Appellant, v. THE STATE OF ARIZONA, Appellee.

352

Messrs. Lewkowitz and Wein, and Mr. Jacob Morgan, for Appellant.

Mr. Joe Conway, Attorney General, Mr. Thomas J. Croaff, Assistant Attorney General; Mr. James A.

Walsh, County Attorney, and Mr. R. H. Renaud, Deputy County Attorney, for Appellee.

HALL, Superior Judge.—Nathaniel D. Hightower, the defendant, was informed against by the county attorney of Maricopa County for the crime of murder in the second degree in Count One and for the crime of abortion in Count Two.

The defendant, at the time of the alleged offense, was a duly licensed and practicing physician in Maricopa County, Arizona. Viola Pickens Stiles, a married woman, whom the state claims was pregnant with child, received medical treatment from the defendant and soon thereafter died. He was tried and acquitted of the crime of murder and found guilty of the crime of abortion. He was by the court sentenced and has prosecuted this appeal.

There are twenty-two assignments of error which may be grouped under nine propositions of law.

The defendant contends that since he was acquitted of murder he must necessarily be exonerated of abortion because the information and bill of particulars are based upon the same state of facts. The contention would have merit if both offenses contained the same essential elements. One of the necessary ingredients of a murder charge is that there must be a killing of a human being with malice aforethought. No such element, of course, is included in a charge of abortion.

As stated by the Supreme Court of California in *People* v. *Coltrin,* 5 Cal. (2d) 649, 55 Pac. (2d) 1161, 1167:

"The act of committing an abortion and the act of killing a person while attempting to do this are not merely the same act made punishable in different ways. Not only are these two offenses separate and distinct in a legal sense and each dependent upon evidence not required in the other, but as a practical matter it

cannot be said that the two charges involve but one act. The act of committing an abortion may be done without causing the death of the party operated upon. The act which causes the death of the same person is usually another act, careless or otherwise, which, while it may be committed in connection with the first and about the same time, involves a further and additional element.''

In the instant case there was some evidence that the victim of the abortion, Viola Pickens Stiles, was suffering from an infection of gonorrhea at the time of the alleged acts of the defendant. This evidence might have raised in the jury's mind a reasonable doubt as to the cause of death.

The defendant assigns as error the admission of certain testimony tending to prove that the defendant had previously committed an abortion upon another woman by the name of Sara Mangares. The said Sara Mangares testified that she received treatments from the defendant after she missed a menstrual period; that her health was good; that she didn't want to have another baby; that the defendant used instruments in treating her; and that one instrument ''looked like a long spoon.'' She testified that she experienced pain; that she passed a baby and that the defendant stated to her that he knew his acts were against the law. Her testimony, if true, unquestionably established the crime of abortion.

In the instant case there was evidence tending to prove that the female was pregnant with child and that an operation was not necessary to save her life. The victim's mother testified that the defendant used certain instruments and that her daughter suffered intense pain therefrom; that one of the instruments ''looked like shears crossed with a lot of little knives on it; part of the time he had it wrapped in cotton and part of the time he didn't have. Then he had another long instrument there with a couple of prongs or

things, he would wrap that and dig and dig up in there and wipe and pull."

In the case at bar the defendant contended at all times that he treated the said Viola Pickens Stiles for an infection of gonorrhea and denied absolutely that he performed, or attempted to perform, an abortion upon her.

█ As a general rule upon the trial for a particular crime, evidence which tends to show the commission of another and distinct offense by the defendant is inadmissible. But the courts generally hold that where an offense is of such nature that proof of the act with which the defendant is charged is not in itself proof of the required criminal intent, and where additional proof of such intent is necessary to prove the crime charged, evidence of other offenses of a similar nature committed by the defendant is admissible for the purpose of proving intent. People v. Coltrin, *supra;* People v. *Darby,* 64 Cal. App. (2d) 25, 148 Pac. (2d) 28, 31.

█ The intent of the defendant in giving treatment may be shown by proof of the circumstances of other similar offenses. In the case of People v. Darby, *supra,* the California court, in dealing with this question as applied to abortions, said:

" . . . There must be reasonable ground to argue that the intent with which the treatment was given in the case on trial was shown to be criminal by proof of the circumstances of the other offenses. Such a situation would be presented if it had been proved that the defendant in the case on trial had inserted into the vagina a certain surgical instrument under circumstances leaving the question of his intent in so doing open to doubt, and it was also shown that on the other occasions a similar instrument had been similarly used for the purpose of bringing about a miscarriage. . . . "

We believe that since instrumentation was used in both cases, the instant case falls squarely within the

exception as above set forth. Had not instrumentation or a similar plan been used in both cases, the evidence of Sara Mangares would not have been admissible.

■ The defendant assigns error in that the state did not prove the removal of the fetus and therefore failed in proving the *corpus delicti.*

Our Statute, Article 3, Section 43–301, on Abortion reads:

"Every person who provides, supplies or administers to any pregnant woman, or procures any such woman to take any medicine, drugs or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to save her life, is punishable by imprisonment in the state prison not less than two (2) years nor more than five (5) years. . . . "

It will readily be seen from the reading of the statute that the state is not required to prove miscarriage but only the intent to procure a miscarriage. Therefore, it was not necessary to prove the removal of the fetus.

■ The defendant assigns as error the insufficiency of the evidence to prove beyond a reasonable doubt that the female was pregnant with child and that an operation was not necessary to save her life. We hold that the evidence amply supports the verdict of guilty.

The trial court in considering the motion for a new trial had in mind the evidence of all the witnesses with the advantage of personal knowledge and opportunity of observation.

■ The general rule in this state seems to be that where there is material evidence to prove the state's case before a jury, and the trial court refuses to set the verdict aside, the appellate court will not reverse the findings of both the lower court and jury. *Ander-*

*son* v. *Territory,* 6 Ariz. 185, 56 Pac. 717; *Martinez* v. *State,* 20 Ariz. 29, 176 Pac. 582.

█ It is urged that the court violated the defendant's constitutional rights by admitting in evidence statements made by the defendant to the county attorney after his arrest and before being taken before a magistrate. We have just held in *McDaniels* v. *State, ante,* p. 339, 158 Pac. (2d) 151, that it is not reversible error to admit such statements where such statements were voluntarily given. *Lawrence* v. *State,* 29 Ariz. 247, 240 Pac. 863, rehearing denied 29 Ariz. 318, 241 Pac. 511, and *certiorari* denied 269 U. S. 585, 46 Sup. Ct. 201, 70 L. Ed. 425.

█ The defendant alleges error because the court refused to strike out as hearsay the following testimony given by Mrs. I. E. Pickens, mother of the deceased, in response to questions propounded by defendant's attorney on cross-examination:

"Q. The first time you were to Hightower's office, did you have knowledge that an abortion was going to be performed on your daughter? A. It had already been performed.

"Q. Well, did you have knowledge that she was going to be treated? A. I thought he was going to do something for her.

"Q. You said it had already been performed. Were you present? A. No, I wasn't.

"Q. You were saying something from what someone told you? A. My daughter told me that."

It was not error for the court to deny the motion. It is true that the testimony was based upon hearsay, but it was invited by the defendant's attorney. One may not invite error at the trial then assign it as error on appeal. *State* v. *Cody,* 116 Or. 509, 241 Pac. 983, or *Riley* v. *State,* 50 Ariz. 442, 73 Pac. (2d) 96.

█ The defendant objected to the state's witness Dr. L. Clark McVay testifying, for the reason that his

name was not endorsed on the information as required by Section 44–759, Arizona Code Annotated 1939.

He urges this objection on the theory that the doctor's testimony was not proper rebuttal and could have only been received on the state's case in chief. We hold that the testimony of the witness was properly received on rebuttal and therefore it was unnecessary that his name be endorsed on the information. The names of rebuttal witnesses are not required to be endorsed on the information under the provisions of the said Section 44–759.

 It is urged that the court erred in not rereading the entire instruction upon request of the jury. The record discloses that the jury asked only for instructions on procedure and was not interested in having all the instructions re-read.

The foreman of the jury first stated:

"We wish to have the instructions read again to the jury, please."

The trial court after certain explanations said:

" . . . If you want the entire instructions, I will have to send for the court reporter who took them."

Finally the foreman said:

"What we want to know is, do we vote on the abortion first then the murder?"

The court thereupon proceeded to give the jury proper instructions on the point involved. We see no error on the part of the trial court in handling this delicate situation.

Error is assigned for the giving of various instructions, and the failure to give certain requested instructions of the defendant. We find no error whatsoever in the giving of the instructions and feel that the trial court properly instructed the jury in every respect.

Finding no prejudicial error, the judgment is affirmed.

STANFORD, C. J., and MORGAN, J., concur.