382 P.2d 683

**The STATE of Arizona, Plaintiff,**

v.

**Foster JACOBS, Jr., Defendant.**

**No. 1342.**

Supreme Court of Arizona.

In Division.

June 13, 1963.

Charles N. Ronan, Maricopa County Atty., Robert F. Owens, Deputy County Atty., for State of Arizona, plaintiff.

Johnson, Roberts & Bluemle, by William H. Wood, Phoenix, for defendant.

BERNSTEIN, Chief Justice.

This is in answer to a question in a criminal case certified to this Court by the Superior Court of Maricopa County. Defendant was convicted of forgery. Motion for a new trial has been argued and taken

under advisement. The defendant has not been sentenced.

The question is before this Court pursuant to Rule 346, Rules of Criminal Procedure, 17 A.R.S., which reads in applicable part:

"If * * * *after verdict or finding of guilty but before sentence,* any question of law arises which in the opinion of the trial court is so important and doubtful as to require the decision of the supreme court, the trial court may, *if the defendant consents,* certify the case to the supreme court so far as necessary to present the question of law arising therein, and thereupon all proceedings in the action shall be stayed to await the decision of the supreme court." (Emphasis added)

The question certified is as follows:
"It is the opinion of the Court that that portion of the motion relating to the testimony concerning a 'mug shot' presents a question which should be certified to the Supreme Court of this State. Both counsel agree that the matter should be certified.

"IT IS ORDERED taking the Motion for a New Trial under advisement and continuing time for sentence subject to the preparation of a formal certification and ruling by the Supreme Court."

An officer testified that defendant was arrested at 11:00 A. M. Another officer testified that on the same day, but without reference to the time, a "mug shot" of defendant together with "shots" of five other persons were shown to a state's witness for the purpose of identifying the defendant. The "mug shot" had the defendant's number at the bottom of the full face and profile shots. It is conceded that the "mug shot" was a police photograph of the defendant taken at the time of a previous arrest. The question of the witness and his answer in the presence of the jury was:

"Q. What was your purpose in going there?

"A. The purpose was to show him [the victim] mug shots of * * * *"
The jury did not have an opportunity to view the picture.

Reference to a police photograph of a defendant by a state's witness in a criminal trial has been held prejudicial error as implying a prior criminal conviction. In Commonwealth v. Blose, 160 Pa.Super. 165, 50 A.2d 742, an officer called by the state testified he had used a "penitentiary photograph" in apprehending the defendant. The court said:

"It must be conceded that if the situation was curable by admonition, the instructions were adequate for that purpose.

"The only inference which could be drawn from the testimony was that appellant was a former convict. It was

incompetent and highly prejudicial testimony, and although the court in its opinion denying a new trial reports that the case was tried in an ideal atmosphere, without altercation or feeling between the appellant's counsel and the district attorney, we are of opinion that its instructions did not and could not eradicate the effects of the statement. * * * The testimony must have left a deep and lasting impression of truth, and, for reasons presently to be developed, we cannot confidently assert that the instructions wholly abstracted it from the inter-play of impressions and convictions which generated the jury's ultimate conclusion." 160 Pa.Super. at 168–169, 50 A.2d at 743–744.

And again in Hatchet v. United States, 54 App.D.C. 43, 293 F. 1010 an officer testified as follows:

" 'He [Hatchet] denied that he had ever been arrested before, and the photographer got a picture by the name of John Brown out of the gallery.' That after obtaining this picture the officers took appellant into the inspector's office, where the picture was shown him, 'and the inspector told him there he was under the name of Brown, and the finger prints compared and everything, and finally he admitted it was him.' " 293 F. at 1011.

The Court went on to say that the word "gallery" would undoubtedly be understood by the jury to mean "rogues' gallery" and held:

"The foregoing decisions are determinative of the question here. There was no issue as to appellant's identity; he did not testify, and yet the government was permitted to place before the jury evidence tending to show that he was a man with a criminal record. While there may have been, and probably was, competent evidence warranting conviction, it would be going far to say that appellant was not prejudiced by the admission of this incompetent evidence. He was entitled to a fair and impartial trial, and that he could not have, after it was made to appear, through the introduction of incompetent evidence, that his picture adorned the rogues' gallery, in connection with his arrest in Philadelphia for a similar offense; in other words that, with criminal propensities, he had operated elsewhere and under another name." 293 F. at 1012. Cf. United States v. Amorosa, 3 Cir., 167 F.2d 596 at 599.

■■■ We have recently held that the record of prior crimes is admissible only for impeachment purposes and

"Had counsel for defendant made an objection in the presence of the jury, and had the trial judge admonished the jury to strike such testimony from their minds, it would have served no real

purpose. The damage had been done, for the effect of such testimony, having no relation to the crime charged, was to create in the minds of the jury an impression that the defendant's character was bad, and no admonition by the court could expunge this prejudicial attribute." State v. Kellington, 93 Ariz. 396, 381 P.2d 215, 216.

The state contends, however, that the term "mug shot" does not imply a previous criminal record. The simple answer to this is found in Webster's Third International Dictionary, 1961:

"Mug Shot: a photograph of a person's face—usu. used of official police photographs"

We cannot say that the jury would have understood the words to have anything but their usual meaning and the words "mug shot" are equally as prejudicial as a "penitentiary photograph" or a picture taken from a "gallery."

The state next contends that even though the picture was in fact taken on a previous arrest the jury could reasonably believe that the picture was taken at the time of defendant's arrest, developed, printed and shown to the victim the same day. The state contends that it would be speculation on the part of the jury to arrive at a conclusion that the photograph was taken at a previous arrest. The argument that evidence is not prejudicial because the jury could *only* arrive at the truth through speculation perverts the basic function of the jury system—to arrive at a true and just verdict.

The testimony of the officer using the term "mug shots" was prejudicial error which requires a new trial.

UDALL, V. C. J., and LOCKWOOD, J., concur.