398 P.2d 905

STATE of Arizona, Appellee,

v.

Jesse YBARRA, Appellant.

No. 1409.

Supreme Court of Arizona.

In Division.

Feb. 4, 1965.

Rehearing Denied Feb. 25, 1965.

Robert W. Pickrell, Atty. Gen., Merton E. Marks, Asst. Atty. Gen., for appellee.

Skousen, McLaws & Skousen, Richard E. Skousen, Mesa, for appellant.

McFARLAND, Justice.

Appellant was convicted of the crime of illegal sale of narcotic drug, a felony,

in violation of A.R.S. § 36–1002.02 (1961). From the judgment and sentence he appeals. Appellant, hereinafter referred to as defendant, urges as the basis for his appeal that prejudicial error resulted from the answers to two questions of his counsel on cross-examination of Madrid.

The first which he assigns as error was as follows:

"BY DEFENSE COUNSEL:

"Q. What was Jesse Contreras Saenz, Jr.'s address at the time of March the 1st?

"THE WITNESS: Your Honor, do I have to answer that? We hate to disclose our addresses. It's very—we have had quite a few, number of killings here, and I mean, I'm not trying to—

"THE COURT: One moment here. Counsel, please approach the Bench.

"Whereupon, a discussion had at the Bench between Court and counsel out of the hearing of the reporter.

"Q. (BY DEFENSE COUNSEL) Could you give us his approximate address in relation to streets?

"A. Yes, sir. It was 4th Avenue and Buckeye Rd. However, he stayed at different places at different times. I'm sure that is the address he had at the time. That is how I contacted him.

"Q. Did he ever stay at a place at 3rd Avenue and Pima?

"A. Yes, sir, he did stay there. Especially during the daytime."

No objection was made to the answer to the question at the time it was given. However, after the noon recess' counsel for defendant made a motion for a mistrial on the grounds that the statement that many of their agents have been killed was most prejudicial. It will be noted that the court interrupted the witness, in his answer to the first question, and called counsel to the Bench, and after consultation the counsel for defendant re-framed the question. It is evident that the court was not interrupting the witness because it felt the question was prejudicial to defendant, but to get the question re-framed so the witness could give an approximate address of Saenz who was an under-cover agent for the Narcotics Division, and thereby eliminate any possible danger therefrom.

We do not accept the interpretation of defendant that there was an inference that he had been mixed up in killings. The reluctance of the witness to give Saenz's address is understandable in view of the dangerous nature of an under-cover agent's

work. Saenz' address was given in the preliminary hearing, so it was known to defendant. The inference of danger, if any, was therefore from others than the defendant.

Defendant also assigns as prejudicial error the answer of Madrid to another question which defense counsel propounded to Madrid on cross-examination, to-wit:

"Q. Jesse, the defendant, did he ever see you before?

"A. I don't know, sir, whether he had or not, or hadn't.

"Q. Had you seen the defendant before?

"A. In a mug picture, sir.

"Q. Only in a picture?

"A. Yes."

No objection was made to the answer to this question, nor was a motion made to strike the unresponsive remark at the time it was made, nor was the court asked to instruct the jury to disregard it. However, it is contended that the reference to defendant's "mug picture" was such a highly prejudicial remark and inference of prior criminal record of defendant that even if an objection had been made and an admonishment of the court to strike the same, its prejudicial effect could not have been cured.

We have recently held, in the case of State of Arizona v. Jacobs, 94 Ariz. 211, 382 P.2d 683 (1963), that the term "mug shot" is equally as prejudicial as the reference to a penitentiary photograph.

"The state contends, however, that the term 'mug shot' does not imply a previous criminal record. The simple answer to this is found in Webster's Third International Dictionary, 1961:

"'Mug Shot: a photograph of a person's face—usu. used of official police photographs'

"We cannot say that the jury would have understood the words to have anything but their usual meaning and the words 'mug shot' are equally as prejudicial as a 'penitentiary photograph' or a picture taken from a 'gallery.'"

■ Under the facts in State v. Jacobs, supra, we held the reference to "mug pictures" was prejudicial error. However for this court to reverse a case, the error must be prejudicial under the facts of the case under consideration. This court has held the test to be: had the error not been committed was there reasonable probability that the verdict might have been different. State v. Dutton, 83 Ariz. 193, 318 P.2d 667 (1957); State v. Thomas, 79 Ariz. 355, 290 P.2d 470 (1955); State v. Polan, 78 Ariz. 253, 278 P.2d 432 (1954); State v. Singleton, 66 Ariz. 49, 182 P.2d 920 (1947).

This test requires an examination of the evidence. Two witnesses—Roy Charles Madrid, agent for the State Department of Liquor Licenses and Control, Narcotics Division, and Jesse Contreras Saenz, under-cover agent for the Department—testified that they met the defendant on 3rd Street and Hadley in Phoenix, that they drove with him to 930 West Sunland Avenue, Phoenix, where Saenz purchased a quantity of Heroin from defendant, that Madrid initialed the envelope of narcotics and the same was identified at the trial. Claude McLean, a chemist, testified that he tested it and found it to be heroin.

Defendant testified in his own behalf, and corroborated the testimony to the extent that he stated that he received the $25.00 from Saenz to get "stuff" from his sister, and then testified that later he gave the money back to Saenz because he stated she did not have any. He also stated that he told them she would have the "stuff" later, and not to come back to his house, that when the "stuff got in" he would go to his (Saenz') house. However, he denied that he sold Madrid or Saenz any narcotics at the time or later.

On redirect examination by defendant's counsel the following question and answer appears:

"Q. Jesse, in about December of this year were you put in jail for vagrancy?

"A. Yes, I was."

Under this record, in our opinion, neither of the answers objected to was prejudicial to defendant. Both were developed from answers to questions by defendant's own counsel. The reference to the "mug picture" is the more serious one. The facts in the instant case are different from those in the Jacobs case, supra, in which we held the reference to "mug picture" to be prejudicial error. Counsel for defendant contends that the reference to defendant's "mug picture" was a highly prejudicial remark—"an inference of a prior criminal record of the defendant."

In the case of Duncan v. State, 89 Okl.Cr. 325, 207 P.2d 324, 333 (1949), an officer was allowed to testify that defendant said to him, "I have been on trial before." The court, in disposing of this alleged error, stated:

"To this evidence the defendants moved for a mistrial, which was overruled. In the recent case of Tucker v. State, 89 Okl.Cr. 30, 204 P.2d 540, 543, not yet reported in State reports, where it appeared a peace officer in testifying for the State improperly made a voluntary statement we said 'this court has repeatedly condemned the practice of experienced peace officers while on the witness stand making

voluntary statements prejudicial to the rights of the defendant on trial.' (Cases cited.) In the Tucker case we modified the judgment and sentence because of such prejudicial conduct from 25 to a term of 15 years. But all these cases were all predicated upon the basis of prejudice. Under the circumstances herein involved the defendant cannot complain that the voluntary statement of the officer resulted in his prejudice in view of the fact that he later took the witness stand and testified in his own behalf and his own counsel disclosed the fact that he had been convicted of a felony, to-wit, larceny, and sentenced to five years in the penitentiary in the State of Iowa."

In the case of State v. Pigott, 197 N.E.2d 911, 917, 919 (Ohio App.1964), the defendant assigned as error the statement of the court in an instruction: "There is evidence that this defendant may have committed other crimes." The court, in disposing of this assignment, stated:

"It is our conclusion, and we therefore hold, that the use of such characterization of similar act evidence is error but, the defendant having taken the stand and having admitted the assaults involved, it is our view that such error has been cured."

The defendant also assigned as error the testimony of an officer regarding another offense, which was not stricken from the evidence for several hours, on the ground that it was so prejudicial it could not be cured by admonition of the court. In this connection, the court held:

"It is our view that since the defendant testified in his own behalf and admitted the conviction and record of the earlier sex crimes, whatever error was committed has been cured. (Cases cited.)"

 Error may be cured by admissions of the defendant, depending on the facts of the individual case. In the instant case, counsel for defendant evidently thought it was to defendant's advantage to show that he had been in jail on a vagrancy charge. Since counsel for defendant, by examination of his own client, brought out his criminal record, he cannot now complain of any implication to the same effect from an answer to a question which he propounded to a State's witness. In doing this, he eliminated any possibility of prejudicial error from a reference to a "mug picture" in testimony of the State's witness.

Judgment of the Superior Court is affirmed.

BERNSTEIN and UDALL, JJ., concurring.