**Rosalio B. MONTEZ, Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 20963.**

United States Court of Appeals
Ninth Circuit.

Feb. 7, 1967.

Tom Karas, Fed. Public Defender, Phoenix, Ariz., for appellant.

Darrell F. Smith, Atty. Gen. of Ariz., Gary K. Nelson, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and JERTBERG and BROWNING, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant is in state custody serving a prison sentence imposed on August 31, 1959, by the Superior Court of the State of Arizona in and for the County of Maricopa, following conviction by a jury of four charges of robbery and one charge of attempted robbery, at which trial he was represented by court appointed counsel.

Appellant was sentenced to serve twenty-five to thirty years in the Arizona State Penitentiary on each charge, the sentences to run concurrently. No appeal from the judgment of conviction was taken.

On February 24, 1966, appellant was permitted to file *in forma pauperis* an application for a writ of habeas corpus in the United States District Court for the District of Arizona. It is stated in the petition that three petitions for writ of habeas corpus were filed in the Supreme Court of the State of Arizona; that the first petition was lost or destroyed on January 25, 1961; and the last two were denied on November 21, 1961 and February 24, 1965, respectively. He further states the only ground for a writ presented to the Supreme Court was "Violation of the Double Jeopardy clause in the 5th Amend. to the United States Constitution."

In his petition appellant claims that he was denied due process and equal protection of the laws in that his court appointed counsel failed to file a notice of appeal, after being requested by appellant to do so, from the judgment of conviction, and to prosecute the appeal; that incriminating statements obtained from him in violation of the rules laid down in Escobedo v. State of Illinois, 378 U.S.

478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were received in evidence against him and that the state court committed irreparable error in denying his motion for mistrial when in the government's case in chief a law enforcement officer volunteered the statement before the jury that the appellant was an ex-convict and had a criminal record a mile long.

On the filing of the petition, the District Court issued an order to the appellee to show cause why a writ should not issue; fixed a time and place for an evidentiary hearing; and appointed counsel to represent the appellant.

The only witnesses who testified at the hearing were the appellant and the counsel appointed to and who did represent the appellant at his state trial.

Only two claims were presented at the hearing on behalf of the appellant. One related to the alleged failure of appointed counsel who represented appellant at the state trial to file a notice of appeal and prosecute the appeal from the judgment of conviction after appellant had requested and urged his counsel to do so; and second, that appellant was denied due process and a fair trial when the state court denied the motion for mistrial based upon the volunteered testimony of the law enforcement officer and above mentioned.

Following the hearing the District Court, by written opinion and order, found that:

"Petitioner knowingly waived his right to timely appeal on advice of counsel, notwithstanding the occurrence of possible appealable error in the trial, because petitioner believed the sentence imposed was moderate in view of his prior record, and could well be more severe in a second trial."

and further found that:

"The Supreme Court of Arizona considered the merits of petitioner's alleged appealable error in treating his letter to them relating to such error

as an application for a delayed appeal. The denial by the Arizona Court of the application for a delayed appeal was thus a decision on the merits of such appeal. State v. Montez, No. 1662, decided January 21, 1966."

The District Court concluded as a matter of law that appellant had exhausted his state remedies pursuant to 28 U.S.C. § 2254, and had not been deprived of due process of law in the State proceedings, and thereupon denied the petition for the writ.

The District Court issued a certificate of probable cause and permitted appellant to appeal *in forma pauperis*. He is represented on this appeal by the same counsel who represented appellant at the evidentiary hearing.

On this appeal appellant urges that the finding of the District Court that appellant knowingly waived his right to timely appeal on advice of counsel is without sufficient evidentiary support and clearly erroneous, and that the District Court erred as a matter of law in holding that appellant had not been deprived of due process of law by the failure of the state court to grant appellant's motion for a mistrial when the law enforcement officer testified that appellant was an ex-convict and had a long criminal record.

■ We have carefully examined the testimony of appellant and of counsel who was appointed to represent appellant at the state trial. While we recognize that there is some evidence and inferences to be drawn therefrom in support of the findings of the District Court that appellant knowingly waived his right to appeal, nevertheless, after reviewing the entire record, we are left with the definite and firm conviction that a mistake has been committed, and that the finding of the District Court is clearly erroneous.

We now consider the other finding of the District Court that appellant's claim that he was denied due process and a fair trial, when the state court denied his motion for mistrial based upon the volunteered testimony of the law enforcement officer and above mentioned. was considered on its merits by the Supreme Court of Arizona and denied in a delayed appeal proceeding. In such finding the District Court states that appellant's letter to the Supreme Court of Arizona relating to such error was treated by the Court as an application for a delayed appeal.

The letter is not in the record before us, nor is any copy thereof. We are completely uninformed as to the contents of the letter. The only reference to the letter, and to the order of the Supreme Court of Arizona, appears in the transcript of the testimony taken at the evidentiary hearing in the District Court. The District Court stated:

"It [apparently referring to appellant's case] was given a number in the Supreme Court of the State of Arizona, and it is Number 1662, and it says:

"The following action was taken by the Supreme Court of Arizona on January 18, 1966 in regard to the above-entitled cause," [sic] which is entitled "The State of Arizona, Appellee, vs. R. B. Montez, Appellant":

"'Ordered, letter of R. B. Montez is treated as an application for a delayed appeal, and, as such, is denied.'"

It is conceded by appellee at the evidentiary hearing that no transcript of the state trial proceedings was ever prepared. Therefore, the Supreme Court of Arizona was without the benefit of a transcript of such proceedings when it treated appellant's letter as an application for a delayed appeal, and denied the same. As stated in appellee's brief:

"It is impossible to determine, until the allegedly improper remarks are viewed in the total context of the trial, whether the remarks would be grounds for a reversal in Arizona, State v. Ybarra, 97 Ariz. 200, 398 P.2d 905, * * *."

■ In these circumstances we cannot agree with the finding of the District Court that the Supreme Court con-

sidered appellant's claimed denial of due process and a fair trial on the merits.

We note that the rules of the Supreme Court of Arizona make provision for a delayed appeal. Rule 16(a) of the Rules of the Supreme Court of Arizona, 17 A.R.S., provides:

> "A defendant who has, without fault on his part, failed to take an appeal within the sixty days prescribed by Rule 348 of the Rules of Criminal Procedure may, by written motion supported by affidavit, apply to this court for an order permitting him to take a delayed appeal. The clerk shall forthwith notify the attorney general who shall respond to such motion within five days."

We are reluctant to pass on the merits of appellant's contentions without giving the Supreme Court of Arizona the first opportunity to determine whether appellant was denied due process and a fair trial in the state court proceedings. For that reason, the order of the District Court denying appellant's petition is vacated. The cause is remanded to the District Court with instructions to hold the proceedings in abeyance for such reasonable period of time as the District Court may determine in order to afford appellant an opportunity to move the Supreme Court of Arizona for a delayed appeal, and if such motion be filed, for such additional period of time as may be required to afford the Supreme Court of Arizona an opportunity to act upon such motion and, if granted, to determine the merits of appellant's delayed appeal. If appellant fails to file such motion, or if such motion be filed and denied, or if granted and the decision of the Supreme Court of Arizona on the delayed appeal is unfavorable to the appellant, then on the happening of any of said events the District Court shall reconsider the appellant's petition in light of the views expressed by the Supreme Court of the United States in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). If

the decision of the Supreme Court of Arizona grants to appellant a new trial, the proceedings before the District Court should be dismissed as moot.