448 P.2d 62

**STATE of Arizona, Appellee,**

v.

**Robert Lee JENNINGS, Appellant.**

**No. 1915.**

Supreme Court of Arizona.

In Banc.

Dec. 11, 1968.

Rehearing Denied Jan. 17, 1969.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant Robert Lee Jennings was convicted of possession of marijuana in violation of A.R.S. § 36–1002.05, with prior conviction, and sentenced to a term of not less than fifteen nor more than twenty years. From this conviction and sentence defendant appeals.

At approximately 1:30 in the morning of May 3, 1967, defendant was placed under arrest for rape by Officers Clark and Karasek of the Phoenix Police Department. Officer Clark advised defendant of his constitutional rights both at the time of the arrest and again about twenty minutes later in the squad car as they drove to police headquarters. This advice consisted of the "Miranda warnings", i. e. (1) the defendant has a right to remain silent; (2) anything the defendant says may be used against him in court; (3) the defendant has a right to the assistance of a lawyer; (4) if the defendant cannot afford to retain a lawyer, one will be provided.

At the police station defendant was questioned in regard to the rape charge by Officer Villa who began the interrogation by again advising defendant of his constitutional rights. This warning was administered sometime between 3:40 A.M. and 4:05 A.M.

At 4:05 A.M., prior to booking him on the charge of rape, Officers Clark and Karasek performed a routine search of defendant's person. In the course of this search defendant's belt was loosened in order to check the inside of his pants. At this point six cigarettes fell from the waistband of defendant's underwear to the floor. As he bent down to pick them up, Officer Karasek asked defendant, "What are these?". Defendant's reply was, "That's prison, man". Analysis of the contents of these six cigarettes by the Phoenix City Police Laboratory showed that they contained marijuana.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

**8**

Defendant argues that his statement, "That's prison, man", was erroneously admitted into evidence by the trial court. Although conceding that the police apprised him of his constitutional rights on at least three occasions, he nevertheless maintains that these warnings were given in connection with the rape charge, and that he was not advised of his rights in regard to the possession of marijuana. His argument for the exclusion of his statement is, of course, based on Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). We reject defendant's interpretation of the Miranda decision.

 We find nothing in Miranda, supra, that requires the police to repeat the warnings each time the interrogation touches upon a separate offense. The thrust of that decision was to insure that a defendant placed in the compelling atmosphere of the police station interrogation room would, nevertheless, be made aware of his right to remain silent and his right to the assistance of counsel and would feel free to exercise these rights if he so desired. If, after the defendant is apprised of his rights, he intelligently consents to the interrogation, then it matters not that the questioning may involve several different offenses.

Although we have found no cases construing Miranda, supra, on the issue raised by defendant, a recent Missouri case admitted a defendant's statements when, in the course of questioning concerning a car theft, he admitted committing murder. In State v. Crawford, 416 S.W.2d 178 (Mo. 1967), an F.B.I. agent preceded his interrogation with a warning of defendant's constitutional rights. (For several years prior to the 1966 Miranda decision the F.B.I. gave defendants under interrogation the exact warnings that the Supreme Court made mandatory for all police officers in Miranda, supra. Therefore, the warnings in that case were the same as those given in the instant case.)

"[After the warnings were given] * * Defendant stated that he understood * *

and at no time did he indicate a desire for counsel; nor did he at any time indicate a desire to remain silent. So far as Agent Cotton knew he was taking a statement from a man who was under suspicion for car theft only. Defendant admitted taking the car and driving it across state lines; and, when asked if he would explain the bloodstains in the car, he freely and voluntarily informed the Agent that he had murdered a man in Missouri." 416 S.W.2d at 185.

Although here defendant based his motion to suppress his statements on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), rather than Miranda, supra, it is significant that the Missouri Supreme Court felt that the initial warnings were sufficient to insure that defendant's statements were voluntary, and that Agent Cotton did not have to interrupt the interrogation and re-warn defendant when the murder was being discussed.

 We think the position taken by the Missouri court is a sound one, and, accordingly, we hold that if a defendant is fairly and fully apprised of his rights at the outset of the interrogation, any statements incidentally elicited by the interrogation in regard to any offense will be admissible in evidence. In the instant case the police advised defendant of his constitutional rights on three separate occasions prior to questioning him. This is ample compliance with the requirements of Miranda, supra.

 Defendant next complains that references to his arrest for rape were improperly before the jury. He concedes that a prior conviction for rape was admissible for purposes of impeachment, but maintains that a mere arrest for rape may not be brought out. Whatever the merits of defendant's argument, he will not be heard to raise it since his own attorney first, and repeatedly, elicited testimony that the arrest which led to the discovery of the marijuana was on a charge of rape. Further, since defendant made no objection below to admission of evidence of his arrest for rape,

he may not raise this issue on appeal. State v. Favors, 92 Ariz. 147, 375 P.2d 260 (1962).

We find no error, and the decision of the lower court is affirmed.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.