455 P.2d 259

**STATE of Arizona, Appellee,**

v.

**Lee MAGGARD, Appellant.**

**No. 1947.**

Supreme Court of Arizona.

In Banc.

June 4, 1969.

Rehearing Denied July 8, 1969.

Gary K. Nelson, Atty. Gen., Carl Waag, Special Asst. Atty. Gen., Phoenix, for appellee.

Estrada, Estrada & Ross, by Carlos R. Estrada, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice:

Lee Maggard, hereinafter referred to as defendant, was tried and convicted for the crime of selling marijuana in violation of A.R.S. § 36–1002.07. Sentence was imposed for a term of five to six years at the Arizona State Prison.

Defendant appeals from the judgment of conviction and requests a new trial for the following reasons: that the chief witness for the prosecution, Chris Saez, repeatedly made statements accusing defendant of prior unrelated criminal conduct, and that defendant was deprived of his right of reasonable cross-examination of the state's chief witness.

The nature of defendant's first objection goes to the proposition that it is prejudicial error to admit evidence of unrelated criminal acts of the accused where such evidence had no purpose other than to show a probability that the accused committed the crime charged merely because he is of criminal character. In this regard he points to the following testimony of the witness Saez:

"Q. And did you have a conversation with him [the defendant] at the Real Buffet?

"A. Yes, I did.

"Q. And the substance of your conversation then?

"A. The substance of the conversation centered around again controlled drugs and prescriptions that Lee Maggard had in his possession that he was in the process of altering or changing.

"Q. What was he altering?

"A. He was altering the quantity—"

This conversation took place about a week prior to the sale for which defendant was prosecuted. Defendant contends that the statements are inferences or direct accusations that prior to the sale in issue, the accused was in possession of drugs and prescriptions, the quantity of which he was altering and that such wrongful acts were unrelated to the offense charged.

The test for admissibility of evidence of prior bad acts is stated by this Court in State v. Little, 87 Ariz. 295, 306, 350 P.2d 756, 763, 86 A.L.R.2d 1120 (1960). The Court there quoted Professor Edmund M. Morgan to the effect that

> " 'Such evidence [of other crimes and wrongs when offered to prove the commission of a specified crime or wrong] is made inadmissible only where it is relevant solely as tending to prove a disposition to commit such a crime or wrong or to commit crimes or wrongs generally. *If it is relevant for any other purpose, it is admissible.*" (Emphasis added.) (Brackets in original.)

See also State v. Ballesteros, 100 Ariz. 262, 413 P.2d 739 (1966).

We do not believe that the sole relevance of the above testimony is that it tends to prove a disposition to commit such a crime or wrong or to commit crimes or wrongs generally.

■ In a criminal prosecution, evidence showing the preparation for the commission of the crime charged is always admissible for the state. State v. Morgan, 211 La. 572, 30 So.2d 434 (1947); State v. Doherty, 72 Vt. 381, 48 A. 658 (1900); People v. McKnight, 87 Cal.App.2d 89, 196 P.2d 104 (1948); 29 Am.Jur.2d Evidence § 272 (1967). The evidence in the present case of defendant's acts of altering the amounts of "drugs or prescriptions" in his possession, approximately one week prior to the alleged sale of marijuana for which he was being prosecuted, is evidence of acts of preparation for the commission of the crime charged and it was not error for

the trial judge to overrule defendant's objections as to their admissibility.

The remainder of the allegedly objectionable statements made by the chief witness for the prosecution, Agent Saez, were elicited on cross-examination by defense counsel.

■ Defense counsel asked Agent Saez to testify as to the circumstances under which he met the defendant. Agent Saez replied that "I had learned that there were numerous individuals that were trafficking * * *." Defendant contends that this remark was unresponsive and that it inferred that defendant was one of numerous individuals involved in selling and buying narcotics. We do not agree. This Court faced a similar objection in State v. Gortarez, 98 Ariz. 160, 402 P.2d 992 (1965) where the witness testified that they were looking for a person trafficking in narcotics when they met the defendant in that case. The Court held that the reference to another person "trafficking" in narcotics was only an implication of prior misconduct by that other person and was not necessarily an innuendo of prior criminal activity on the part of the defendant. The statement here falls within the same category.

■ On cross-examination, Agent Saez testified that he had marked the money given to the defendant in exchange for the marijuana. Defense counsel asked the agent why he had not arrested defendant when the sale took place, so as to take advantage of the use of the marked money. Agent Saez replied "I eventually want the complete nucleus of the narcotic traffic. I don't want just one lieutenant * * *." Defense counsel objected and moved for mistrial. The court overruled the objection, denied the motion for mistrial, and allowed Agent Saez to further testify:

> "Well, I didn't arrest him because I wanted to get to the nucleus. I knew that he was quite well involved in the narcotics traffic and that by arresting him I would probably not be able to get to the

sources of supply—his main source of supply. I knew that if I ingratiated myself with him, if I became friendly with him after making one buy he would become more friendly and I could get further intelligent information as to what he was doing in the drug traffic, I knew that Mr. Maggard was—because Mr. Maggard was involved in the narcotics traffic, I felt that if I arrested him at the time it would jeopardize any further investigation in attempting to get to the other lieutenants, other narcotic, marijuana and drug traffic such as he was doing."

Defendant maintains this testimony was prejudicial, and denied defendant of a fair trial.

The answer was responsive to the question, and could have been reasonably anticipated by defense counsel.

In Hightower v. State, 62 Ariz. 351, 357, 158 P.2d 156, 159 (1945) this Court considered the admissibility of hearsay testimony in response to and elicited by defense counsel on cross-examination. The Court stated:

> "It is true that the testimony was based upon hearsay, but it was invited by the defendant's attorney. One may not invite error at the trial then assign it as error on appeal. State v. Cody, 116 Or. 509, 241 P. 983, or Riley v. State, 50 Ariz. 442, 73 P.2d 96."

Defense counsel asserts that "Just because counsel asked 'why' does not give a federal agent with many years experience in narcotics cases and trials the excuse to answer in any way he pleases." With this general statement we agree. But where an answer is clearly responsive to the question asked concerning the facts surrounding the commission of a criminal act and failure to make an immediate arrest, it falls within the "invited error" rule, and defendant may not be heard to object, when the answer is unfavorable.

■ Defendant's last objection to statements made by Agent Saez is based upon the response to defense counsel's inquiry as to why the agent failed to go directly to the Chief of Police after the alleged sale (a time of approximately one hour in duration). The agent replied:

> "I didn't go directly from the drug traffic to the Chief of Police. * * * I didn't go directly from the drug traffic or from the marijuana peddler to the Chief of Police—this is not sound investigation—."

The agent explained that he would first wait to see if he were being followed or tailed, before arranging to meet the Chief of Police. Again, the answer was responsive to the question asked, and falls into the same category of invited error, as does the testimony discussed above.

■ Defendant's last contention is that he was deprived of his right to reasonable cross-examination of Agent Saez. Defense counsel asked Saez whether he had made a buy from one Wayland Evans. The trial judge sustained the prosecutor's objection to the question. Defense counsel offered to show that Evans had in fact sold narcotics to Agent Saez before, and that such evidence could well establish a strong inference that Evans, not defendant, had in fact made the sale in question. A review of the offer of proof made by defense counsel fails to demonstrate anything more than a conjecture or guess that some other person might have committed the offense for which defendant was on trial, and such evidence is clearly inadmissible. State v. Phillips, 147 Mont. 334, 412 P.2d 205 (1966). The objection was properly sustained, and the defendant was not deprived of his right of reasonable cross-examination.

Affirmed.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.