508 P.2d 49

**STATE of Arizona, Appellee,**

v.

**Ronald FISH, Appellant.**

**No. 2445.**

Supreme Court of Arizona,
In Banc.

April 4, 1973.

Gary K. Nelson, Atty. Gen., Phoenix by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Ronald Fish, in pro. per.

John V. Riggs, Tempe, for appellant.

HOLOHAN, Justice.

Appellant Ronald Fish was tried by jury and convicted of rape for which he was sentenced to a term of 10 to 15 years in the state prison. Appeal was taken to this Court and counsel filed a brief to the effect that he was unable to find any arguable question. Appellant thereafter filed a brief in propria persona in which he raises two questions. (1) Whether the testimony of a police officer wherein reference was made to "mug shots" photographs constituted reversible error. (2) Whether the defense motion to suppress the in-court identification by the victim should have been granted.

The appellant argues that any reference to a mug shot of a defendant constitutes reversible error. In State v. Jacobs, 94 Ariz. 211, 382 P.2d 683 (1963), it was held that reference by a state's witness to a mug shot of the defendant was prejudicial error because the reference implied a prior criminal conviction. A record of prior crimes of the defendant would be admissible only for the purpose of impeachment after the defendant took the stand. See also State v. Moore, 108 Ariz. 215, 495 P.2d 445 (1972) and State v. Cumbo, 9 Ariz.App. 253, 451 P.2d 333 (1969).

It is necessary to examine the facts in order to determine the question presented. The transcript reflects that the first time the term "mug shot" was used was by one of the state's witnesses in an-

swer to a question by the deputy county attorney. In effect the witness had been asked to describe the type of photos shown to the victim. The witness answered:

"A. They are standard police mug shots, four-by-five. They have two views of the suspect, one being a frontal view, facial view, and the other being a side or profile view."

but the testimony continued:

"Q. Was the photograph of Ronald Fish among those photographs?

"A. It was not, sir."

It thus appears that there was no reference to a so-called mug shot of the defendant brought out by the prosecution. There was no objection by the defense to the testimony. It was on cross-examination by the defense counsel that reference was made to a mug shot which was connected with the defendant. The defense counsel in cross-examining a police officer concerning the victim's identification of a photograph of the defendant proceeded to ask:

"Q. Were they all what are commonly referred to as mug shots?

"A. Well, there are some Polaroids in there, but they are all cut down for use as mug shots, yes.

"Q. Are there numbers on the pictures?

"A. Most of them, yes, sir.

"Q. Was there a number on the picture of Ronald Fish?

"A. I don't believe so.

"Q. Who took that photograph?

"A. Our identification technician.

"Q. Were you present?

"A. I don't know if I was or not. I don't believe so.

"Q. But the other pictures on that page to the best of your knowledge, did have numbers on them, didn't they?

"A. Most of them did. There are many which did not have numbers on them. The black and white photograph of Fish did have a mug number, his mug number on it.

"Q. That wasn't in the book, was it?

"A. Yes, sir, it was. Yes, sir, it was. I had some color Polaroids taken after Fish was arrested on the Pat Moss case, and I got confused as to which photograph was there. Those did not have the little mug number on them, however, the photo that Pat Moss did pick out did have the mug number."

Up to the time of cross-examination there was no testimony concerning a so-called mug shot of appellant. The connection between appellant and a mug shot was brought out on cross-examination by the defense. The answers of the witness were responsive to the questions, and counsel for the defense elicited the testimony by the nature of his questions. The situation presented by the facts in this case is clearly distinguishable from those in State v. Jacobs, supra, and State v. Cumbo, supra. The defense cannot complain when the objectionable material was actually introduced by the defense. Antone v. State, 49 Ariz. 168, 65 P.2d 646 (1937); Hightower v. State, 62 Ariz. 351, 158 P.2d 156 (1945); State v. Maggard, 104 Ariz. 462, 455 P.2d 259 (1969); State v. Jennings, 104 Ariz. 6, 448 P.2d 62 (1968).

■ The last issue raised by the appellant is that the in-court identification by the victim should have been suppressed. Appellant argues that the pretrial showing of photographs to the victim was unduly suggestive and therefore tainted the in-court identification. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

The trial court held a hearing on the motion of the defense to suppress the identification. The whole matter of the use of photographs prior to the trial was gone into. The trial court found under the totality of circumstances that the pretrial identification was not unduly suggestive and that an in-court identification would not be influenced by the prior photographic

identification. State v. Dessureault, 104 Ariz. 380, 453 P.2d 951, rehearing denied 104 Ariz. 439, 454 P.2d 981 (1969), cert. denied 397 U.S. 965, 90 S.Ct. 1000, 25 L. Ed.2d 257 (1970).

A large number of photographs had been shown to the victim, in fact over 100, and she identified appellant and appellant only as the person who attacked her. She had been shown photographs in groups which did not have the appellant's photograph and she consistently indicated to the police that the photograph of the attacker was not present, but when a group of photographs was shown to the victim which contained the picture of appellant she identified him and no other.

Appellant argues that the verbal description given by the victim to police officers was too limited for any real identification to be made. The state argues that it is often difficult for a person to express in words their visual impressions of a person's description, but this does not mean that the individual is not able to identify the suspect upon a personal observation or through photograph. From the total circumstances presented we find no reason to set aside the ruling of the trial court denying the motion to suppress.

The issue of identity was contested by the defense, and the matters presented to the court in the motion to suppress were also presented in defense to the jury to oppose or to raise a doubt as to the validity of the in-court identification of appellant by the victim. The jury found the evidence sufficient to convict the defendant, and from our review we find that there is substantial evidence to support the verdict of the jury.

We have reviewed the record to determine whether there is any fundamental error, and finding none, the judgment of conviction and sentence is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.