515 P.2d 857

**STATE of Arizona, Appellee,**

v.

**Arnold Douglas SMITH and James Weldon Garland, Appellants.**

**No. 2503.**

Supreme Court of Arizona,
In Banc.

Nov. 15, 1973.

Gary K. Nelson, Atty. Gen., by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by William C. Blakley, Former Deputy Public Defender, Phoenix, for appellants.

HOLOHAN, Justice.

Arnold Douglas Smith and James Weldon Garland were tried and convicted after a trial by jury of the offense of robbery. Each of the defendants was sentenced to a term of confinement of not less than five nor more than seven years. A timely appeal was filed raising the single question:

"Did the trial court commit fundamental error in allowing the state to introduce in evidence at the trial 'mug shots' of the defendants?"

The record discloses that the victim testified that he was robbed by three or more individuals and that during the course of the robbery he was beaten up. The victim identified the two defendants as two of the individuals who beat and robbed him. The defense presented by the defendants was that of alibi, and each of them testified in his own defense and called witnesses to support the defense. The issue of identification was thoroughly argued at the trial.

Prior to the trial the defense had moved to suppress an in-court identification of the defendants by the victim on the grounds that the pretrial identification was obtained by means alleged to be unduly suggestive. The trial court heard the evidence and denied the motion, holding that the pretrial identification procedures were not unduly suggestive.

Before the trial court the defense argued that certain photographs of the defendants were used in an unduly suggestive manner. Even after the ruling by the trial court the defense continued to argue this point to the jury, claiming that the victim had made a mistaken identification and that the use of the photographs had tended to fix the identification firmly in the victim's mind.

During the course of the trial one of the investigating police officers was called by the prosecution, and he was examined concerning the identification by the victim and the circumstances of the lineup. On cross-examination the defense pursued the same line of inquiry concerning the identification of the defendants by the photographs and later in the lineup. The photographs in question were part of Exhibit 2 which had been marked for identification, and after direct examination and cross-examination the prosecution during redirect examination offered in evidence Exhibit 2 which contained the photographs of the de-

fendants. The defense stated "No objection, Your Honor."

There is no question that the form of the photographs resembles those which have formerly been described in several cases by this Court as "mug shots." Both prosecution and defense used the photographs in argument to the jury. Both defendants took the stand, testified, and there is no showing that either of them had suffered a previous felony conviction. There is no description in the record as to the circumstances surrounding the taking of the photographs in question.

On appeal counsel for the defense now argues that the reception of the photographs was fundamental error, and the cause should be reversed. The defense argues that under State v. Cumbo, 9 Ariz. App. 253, 451 P.2d 333 (1969) the pictures were clearly "mug shots" and without an explanation as to when the pictures were taken the clear inference was that the defendants had a prior criminal record. In State v. Moore, 108 Ariz. 215, 495 P.2d 445 (1972) the holding in *Cumbo* was approved by this Court and the admission of the "mug shot" in *Moore* was held to be reversible error. It must be noted however that in each of the cited cases the photographs were admitted by the trial court over the objection of the defense. It is further of note that in both of the cited cases the defendant did not take the stand.

■ Normally the mere reference by the prosecution to the term "mug shot" has been held to be prejudicial error. State v. Jacobs, 94 Ariz. 211, 382 P.2d 683 (1963). There are occasions when the reference to a mug shot is not prejudicial error when the defendant takes the stand and admits a prior record [State v. Ybarra, 97 Ariz.

200, 398 P.2d 905 (1965)] or when the defense itself introduces the material or elicits the testimony bringing out that the photographs are "mug shots" [State v. Fish, 109 Ariz. 219, 508 P.2d 49 (1973)].

Normally if the defense fails to object to the admission of evidence the issue may not be raised on appeal. State v. Favors, 92 Ariz. 147, 375 P.2d 260 (1962).

■ If the defense feels that the admission of evidence is prejudicial there is an obligation on the part of counsel to object so that the issue may be called to the attention of the trial court for a ruling on the issue. In the instant case the defense at trial specifically stated that there was no objection to the admission of the photographs. It appears that the defense was not only satisfied to allow the admission of the photographs, but they also made use of them to support their theory that there was a mistake in the original identification and that the jury should not accept the testimony of the victim but the testimony of the defendants that they were in fact somewhere else at the time of the robbery. Under such circumstances the defense may not invite the so-called error and make use of it at trial, and on appeal assert that the admission of the evidence constituted error. Garcia v. State, 26 Ariz. 597, 229 P. 103 (1924); State v. Farmer, 97 Ariz. 348, 400 P.2d 580 (1965); State v. Jennings, 104 Ariz. 6, 448 P.2d 62 (1968).

Under the total circumstances presented in the record we do not find that the admission of the photographs constituted prejudicial error. The judgment of conviction of the defendants is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.