534 P.2d 738

STATE of Arizona, Appellee,

v.

Michael Charles WILCYNSKI, Appellant.

No. 2611–2.

Supreme Court of Arizona,
En Banc.

April 30, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

O'Dowd & Diamos by Clay G. Diamos, Tucson, for appellant.

HAYS, Justice.

Michael Charles Wilcynski, hereinafter referred to as the defendant, was previously convicted of assault with a deadly weapon with an admitted prior conviction. A.R.S. § 13–249. On appeal, his conviction was reversed by this court because the trial judge had erroneously refused to permit the defense of insanity to be raised. State v. Wilcynski, 110 Ariz. 258, 517 P.2d 1254 (1974). A second trial resulted in a mistrial based on the misconduct of a juror. After a third trial, the defendant was found guilty of the charge and was sentenced to a term of not less than 25 nor more than 50 years in the Arizona State Prison. He now appeals.

Wilcynski first contends that he was denied the effective assistance of counsel when his court-appointed attorney also served as a judge pro tempore of the same county's superior court. He raises many ethical considerations which could be referred to the state bar committee on rules of professional conduct to review if indeed there was an ethical problem. However, in the absence of a showing that counsel was so ineffective that the proceedings were reduced to a farce, this

court will not grant relief on this basis. State v. Bates, 111 Ariz. 202, 526 P.2d 1054 (1974). Defendant's counsel represented him throughout one trial and one successful appeal before he was appointed judge pro tempore and represented him effectively during Wilcynski's subsequent trial. There is no statutory prohibition against this representation. A.R.S. § 12–141 et seq. The defendant himself raised this issue only at the time of sentencing even though he had learned of the situation prior to his last trial. Upon the defendant's in propria persona objection, the trial judge made specific findings that the motion was untimely and that the representation of Wilcynski by his counsel was effective. There is nothing before us that indicates error.

■ The defendant next maintains that the trial judge erred in permitting evidence of Wilcynski's attempted escape from the office of a psychiatrist and in instructing the jury on that point. No objection was made to the testimony and, in fact, the line of questioning initiated by the prosecution was enlarged upon by the defense. This error cannot, then, be raised for the first time on appeal. State v. Settle, 111 Ariz. 394, 531 P.2d 151 (1975).

■ A timely objection was made to the following instruction concerning flight:

"Flight of the accused, after a crime has been committed, does not create a presumption of guilt. It is, however, a circumstance which may tend to prove consciousness of guilt, and should be considered and weighed by you in connection with all the other evidence."

This is a correct statement of the law. State v. Quila, 108 Ariz. 488, 502 P.2d 525 (1972). The fact that the escape was far in time from the alleged crime goes to the weight of the evidence and not to its admissibility; the defendant may present mitigating or contradicting evidence on this issue as was done in the instant case.

State v. White, 101 Ariz. 164, 416 P.2d 597 (1966).

■ As a third issue, the defendant contends that the use of the M'Naghten Rule as the test of criminal responsibility denied his right to due process and equal protection pursuant to the Fifth and Fourteenth Amendments. No authority for this proposition was offered and we know of none suggesting that the test of criminal responsibility is a constitutional question. The M'Naghten Rule is the standard in Arizona. State v. Karstetter, 110 Ariz. 539, 521 P.2d 626 (1974). We have been shown no compelling reason to deviate from it.

■ At the trial, a psychiatrist testified that if the defendant were committed to the state hospital upon a verdict of not guilty by reason of insanity, he would probably be there for approximately a month or two. There was no objection made to this testimony. The failure to object at the time waived the right to object on appeal unless the error was fundamental. State v. Boag, 104 Ariz. 362, 453 P.2d 508 (1969). In other circumstances, the testimony might have constituted reversible error. However, it was the defendant who raised the question of his disposition should the jury find him not guilty by reason of insanity. The prosecutor then pursued the subject, eliciting the above-indicated testimony. Then, defense counsel again questioned the doctor on that issue. In State v. Karstetter, *supra*, the prosecutor commented without objection on the possibility that the defendant would go free if found insane and defense counsel also discussed the issue in his closing argument. This was not found to be fundamental error. State v. Karstetter, *supra*. A defendant cannot benefit on appeal from an error that he invited. State v. Smith, 110 Ariz. 112, 515 P.2d 857 (1973).

■ The defendant finally argues that the sentence imposed was excessive. A sentence within statutory limits will be upheld if not an abuse of discretion by the

trial judge. State v. Settle, *supra*. Nothing has been pointed out to establish such an abuse.

The judgment and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.