**Ronald FISH, Petitioner-Appellant,**

v.

**Harold J. CARDWELL, Warden, Arizona State Prison, Respondent-Appellee.**

No. 74–2276.

United States Court of Appeals Ninth Circuit.

Sept. 29, 1975.

Rehearing Denied Oct. 21, 1975.

Certiorari Denied Jan. 12, 1976.

See 96 S.Ct 801.

S. Jeffrey Minker, Tucson, Ariz., for petitioner-appellant.

Ronald R. Crismon, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

OPINION

Before BROWNING and TRASK, Circuit Judges, and SWEIGERT,* District Judge.

PER CURIAM:

This is an appeal from a denial of a writ of habeas corpus by the United States District Court for the District of Arizona. The petitioner was convicted of rape in the Superior Court of the State of Arizona and his conviction was affirmed by the Arizona Supreme Court, State v. Fish, 109 Ariz. 219, 508 P.2d 49 (1973). No question of exhaustion of remedies was raised and none is apparent.

The rape in question took place in the early morning hours of May 1, 1970. The victim was awakened by a man standing in the doorway to her bedroom, holding a flashlight which was shining on a piece of wood he was holding as a club. She saw her attacker only briefly, as he tied a pillowcase over her head prior to the attack. After the rape the victim waited for a time until she was sure her attacker had left, then went to her neighbor's house. The neighbor testified this was at 5:25 a. m. She was then unable to give a full description of her attacker, and was unable to identify him from a number of photos shown to her several days later. Two weeks thereafter, she was shown a book with 70 to 75 photos in it and she then identified petitioner as her attacker.

Petitioner raised an alibi defense at trial, arguing that he was with Tucson police officers from 3:30 a. m. to 8:00 a. m. on the morning of the rape. He stated at the time that he went there to file a complaint against Tucson police officers who had allegedly beaten and robbed him after stopping him for a traffic violation. The petitioner later changed his story as to why he went to the Tucson police station that morning. He admitted that he had lied at the station as to why he was there and told officers later that he wanted to "forget the whole thing." R.T. at 223.

On appeal from denial of his writ of habeas corpus in district court, petitioner raises three issues. First, he maintains that because pretrial identification was by photographs rather than by a lineup procedure, the in-court identification of the petitioner should have been suppressed as impermissibly suggestive under Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Second, he maintains that it was reversible error for the court to permit testimony of a police officer which indicated that a photograph of the petitioner identified by the victim showed a booking number and thus suggested to the jury a prior felony record. Finally, petitioner maintains that the guilty verdict was not supported by the evidence.

Appellant contends that the in-court identification by the victim was error because it was tainted by impermissibly suggestive photographic identification. The test is a measurement by the totality of the circumstances. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The state court, applying the correct test, found no impermissible suggestion in the handling of the photographic evidence. Our own examination finds none and we cannot sustain the assertion of error.

The second contention is that the reference to appellant's photograph contained mention that it was a "mug shot." It is argued that this is an unwarranted

---

* Honorable William T. Sweigert, United States District Judge for the Northern District of California, sitting by designation.

implication of a prior criminal record. Such a reference has been held prejudicial error by the Arizona Supreme Court. *State v. Jacobs,* 94 Ariz. 211, 382 P.2d 683 (1963). Here, as the state supreme court was quick to point out, the claimed prejudicial reference was elicited by defense counsel. There was no motion to strike the offending language and no suggestion that it had been intentionally made for prejudicial purposes. Appellant may not complain of his own induced testimony. *United States v. Belperio,* 452 F.2d 389 (9th Cir. 1971).

■ The third and most difficult question was whether the verdict was supported by the evidence. It was not raised in the state proceedings. For this reason alone, petitioner's claim is not cognizable in this court. *Lattimore v. Craven,* 453 F.2d 1249 (9th Cir. 1972), *Guillory v. Wilson,* 402 F.2d 34 (9th Cir. 1968).

■ Even were petitioner's claim cognizable here, however, it has long been the law in this circuit that an allegation of insufficiency of the evidence in state proceedings is not a matter reviewable by writs of habeas corpus in federal court. *Fernandez v. Klinger,* 346 F.2d 210 (9th Cir. 1965), *cert. denied,* 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152 (1965). Rather, this court can only examine the record to determine if " 'the charges against petitioner were so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment.' " *Freeman v. Stone,* 444 F.2d 113, 114 (9th Cir. 1971), *quoting Thompson v. City of Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). *See also Phillips v. Pitchess,* 451 F.2d 913 (9th Cir. 1971), *cert. denied,* 409 U.S. 854, 93 S.Ct. 187, 34 L.Ed.2d 97 (1972); *Barquera v. People of the State of California,* 374 F.2d 177 (9th Cir. 1967), *cert. denied,* 389 U.S. 876, 88 S.Ct. 174, 19 L.Ed.2d 164 (1967). Petitioner's claim as to the insufficiency of the evidence, although argued vigorously, simply does not rise to this level.

The complaining witness testified that 2–2½ hours could have elapsed from the time of the rape until the time she reported the incident to her neighbor. R.T. at 91. She made a positive identification of petitioner from photographs and her description of her attacker's voice as given to a police officer also matched that of petitioner. Petitioner was not in the presence of police until 3:30 a. m. on the morning of the rape, and his story as to what transpired just before that time is filled with contradictions and an admission that his original version was a lie. R.T. at 225. The petitioner also made certain incriminating statements to police officers. R.T. at 149–53. He argued strenuously that the identification evidence was weak and not credible. The argument as to credibility was for the jury which resolved the issue against him.

We find that the district court properly denied the petition for a writ of habeas corpus.

Judgment affirmed.