526 P.2d 1277

**STATE of Arizona, Appellee,**

v.

**Bobby BABINEAUX, Appellant.**

**No. I CA–CR 611.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 8, 1974.

Gary K. Nelson, Former Atty. Gen. by Grove M. Callison and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry L. Croghan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Presiding Judge.

Appellant-defendant Bobby Babineaux was charged with the crime of burglary, first degree. The jury returned a verdict of guilty and the trial judge suspended the imposition of sentence for a period of seven years and placed him on probation.

On this appeal the defendant raises two contentions: (1) that the admission into evidence of certain statements attributed to defendant which inferred prior misconduct constituted prejudicial error, and (2), that the trial court committed reversible error in failing to give a voluntariness instruction to the jury in relation to statements admitted into evidence subsequent to a preliminary voluntariness hearing.

Concerning the statements inferring prior misconduct, the facts show that after defendant's arrest he was initially taken from the scene of the burglary for a short period of time, and then subsequently returned there. One of the state's witnesses, a police officer, was allowed to testify at the trial concerning statements made by

the defendant at the time he was returned to the scene. He testified as follows:

"Q  And what was said at that time?

"A  The subject told me that, again, that he hadn't broken into it, things of this nature, and he didn't want to go to jail, that he would do anything to keep from going to jail.  In other words, help us turn cases or put other people in jail for whatever he wanted.  He said he couldn't stand to go to jail again, he had been in jail once before, something of this nature.  Not exactly those words.

"Q  That is basically what he said to you at that time?

"A  Yes, sir.

"Q  What else did he say, if anything?

"A  After that, then, I asked him a question, where the rest of the articles were that had been taken out, and he indicated that other people had been there and they had been taken to the area called "The Deuce," in downtown Phoenix, which is approximately 2nd Street and Jefferson and 2nd Avenue and Madison."

Prior to the admission into evidence of these statements, a preliminary voluntariness hearing had been held in chambers, and the trial judge had made his preliminary finding that the statements were voluntarily made.  Defendant contends that immediately following the trial court's ruling on the voluntariness issue, and after the court reporter had left the chambers, he made a motion *in limine*, which was denied, to exclude any testimony of statements made by the defendant to the effect that he didn't want to go to jail *again, that he had been in jail before*.  The motion was based on the fact that the statement was evidence of a prior bad act, that as such it was highly prejudicial and inadmissible except in certain limited circum-

stances, none of which according to defendant were present in the case at bar. On appeal, the state alleges that the record does not support defendant's contention that such a motion *in limine* was ever made,[1] and, in fact, no such motion is mentioned in the transcript or the minute entries.  However, the record does reflect that on the day following the alleged denial of the motion *in limine*, defendant's counsel filed a written "Motion to Augment Record by Nuc Pro Tunc Entry". This written motion cited the failure of the record to reflect the making and denial of the motion *in limine*, and requested that the court appropriately augment the record *nunc pro tunc*.  In the motion to augment the record, defendant's counsel stated:

"As had been the practice of the court throughout the trial, the record was frequently not made at the time of the objection or motion, but held until an opportune moment when the trial would necessarily be delayed for any other reason and the court reporter present.  Of course, counsel for the defendant had to either note the motion and its surrounding circumstances or rely on spontaneous recall to assure a correct record of his motions or objections."[2]

■■■  We strongly disapprove the described practice.  While at times it may be expedient and avoid some delay, it more often leads to confusion and inefficiency, frequently defeating the goal of preserving for appellate review an accurate record of what actually transpired in the trial proceedings.  If the trial judge had ruled on defendant's motion to augment the record, we might have been provided with some definitive answer as to whether defendant actually presented in advance his objections, but unfortunately the trial judge did not rule on the motion to augment the record.  We do note, however, that in the defendant's later filed written motion for

---

1.  Appellant counsel for the state did not participate in the trial proceedings.

2.  Our review of the transcript reveals several instances of the making of an after-the-fact record as indicated in defendant's motion.

new trial, he again urged that "The trial court erred in denying defendant's motion *in limine* to limit the state's witness Acheson from quoting defendant's statement that he had previously been in jail." In the state's response to that motion for new trial, we find the following statement:

"The court did not err in denying defendant's motion *in limine* in regard to defendant's statement that he had been in jail."

This response by the state inferentially admits that the motion *in limine* had previously been made and denied as claimed by the defendant. Under these circumstances, there can be no valid contention that the defendant waived his right to object to having his prior incarceration disclosed to the jury, even if we were to assume that his failure to object could result in a waiver. *Cf.* State v. Kellington, 93 Ariz. 396, 381 P.2d 215 (1963).

█  It is a general rule, long established in this state, that evidence which shows that a defendant has or may have committed other crimes is prejudicial and usually inadmissible. State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967); State v. Curry, 97 Ariz. 191, 398 P.2d 899 (1965); State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960). The danger to be avoided by excluding evidence of other offenses is that the jury may conclude that the defendant is a "bad man" and convict on lesser evidence than would ordinarily be necessary to support a conviction. State v. Deschamps, 105 Ariz. 530, 468 P.2d 383 (1970). While here the complained-of statement does not explicitly recite that the defendant has previously committed other criminal offenses, having been in jail before necessarily implies that he has previously incurred difficulties with the criminal law, and can be equally as prejudicial to the defendant as a direct reference to prior criminal acts. *See* State v. Gallagher, 97 Ariz. 1, 396 P.2d 241 (1964); State v. Jacobs, 94 Ariz. 211, 382

P.2d 683 (1963). The statement concerning prior incarceration was therefore inadmissible unless it comes within one of the exceptions which recognizes that evidence of other criminal acts may at times be admissible when the inherent prejudicial effect of such evidence is outweighed by its probative value.[3]

█  A common exception is that such evidence is admissible when the proof of the prior offense tends to establish a later offense by showing motive, intent, absence of mistake or a common scheme or design. State v. Washington, 103 Ariz. 605, 447 P. 2d 863 (1968); State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967). Another exception is that evidence of another crime is admissible when the offenses are so related to one another that proof of one tends to establish the other. State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971); State v. Parker, 106 Ariz. 54, 470 P.2d 461 (1970). A subdivision of this latter principle is sometimes referred to as the "complete story" rule. As stated in State v. Lockner, 20 Ariz. App. 367, 513 P.2d 374 (1973):

"Arizona is committed to the 'complete story' in the trial of criminal cases even though a disclosure of portions of the story, of the surrounding facts and circumstances, might lead the jury to believe that the defendant had committed criminal acts other than the one for which he is on trial. State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1964); State v. Albe, 10 Ariz.App. 545, 460 P. 2d 651 (1969); State v. Mahoney, 106 Ariz. 297, 475 P.2d 479 (1970); and State v. Hutton, 109 Ariz. 356, 509 P.2d 626 (1973)." 20 Ariz.App. at 372, 513 P.2d at 379.

█  The state relies upon the "complete story" exception as justifying the admission here of defendant's statement that he had been in jail before. This reliance is unjustified. While under the complete story rule the trier of fact is entitled to view

3. Inasmuch as the defendant did not take the stand, we need not consider the question of whether such statements could have been admissible for impeachment purposes.

the disputed occurrence in its background of surrounding and accompanying events even though these events may incidentally show that the defendant has committed other crimes, the state has presented no evidence here to show that the inferred prior misconduct on defendant's part had any connection with the boxcar burglary for which he was arrested. Nor was the statement itself (as opposed to the inferred prior misconduct) in any way a part of the surrounding events accompanying the burglary. The statement was given after the alleged burglary had been completed, after defendant had been arrested, and after he had been removed from the scene and later returned there. It is important to emphasize at this point that the only portion of defendant's statement with which we are concerned is that relating to his prior incarceration. We are not concerned with the admissibility of other portions of his statement. We find no justification for the admission of the defendant's prior incarceration statements under the complete story exception.

■ The state further contends that even if the statement was erroneously received in evidence, the error was harmless and nonprejudicial. In response to this contention, the defendant points out that not only was the statement concerning prior incarceration brought to the jury's attention through the testimony of the state's witness, but in addition the matter was emphasized by the prosecutor in his opening argument as follows:

> "All right, he says that, but what else does he say in addition to that: 'I can't afford to go to jail.' 'Can't afford to go to jail, I have already been there.' 'I have already been to jail'."

Further reference was also made in the prosecutor's rebuttal argument.

In view of the Arizona Supreme Court's prior decisions in Jacobs and Gallagher, *supra,* it is difficult to comprehend how this Court could view the strongly emphasized statements hereunder scrutiny as harmless error or nonprejudicial. In Gallagher the court held that reversible error occurred when a police officer, who was a witness for the prosecution, was allowed to suggest the existence of the defendant's criminal record. This suggestion arose when the officer stated that he had heard the defendant being asked if he "had ever been in jail". The Arizona Supreme Court held that such a reference to jail "conveyed to the jury that the defendant had a record of prior crimes" and constituted prejudicial and reversible error. In State v. Jacobs, *supra,* it was held that reference to a mugshot of a defendant could cause the jury to infer that the defendant had a previous criminal record, and such reference was prejudicial and reversible error.

The damaging effect, in the case under consideration, arose not only from the police officer's testimony regarding the statement, but also from the prosecutor's strong emphasis of the statement in both his opening and rebuttal arguments. In our opinion, the error committed here was prejudicial to the defendant, and requires reversal. In view of this disposition, we need not consider defendant's further contentions on the voluntariness instruction issue.

The judgment is reversed and the matter is remanded for a new trial or other proceedings not inconsistent with this opinion.

JACOBSON, C. J., and EUBANK, J., concur.