589 P.2d 1312
**STATE of Arizona, Appellee,**

v.

**Joseph Patrick LONG, Appellant.**

**No. 4390.**

Supreme Court of Arizona,
En Banc.

Jan. 18, 1979.

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Bruce M. Ferg, Asst. Attys. Gen., Phoenix, for appellee.

Paul E. Hunter, Jr., Yuma, for appellant.

HAYS, Justice.

This is an appeal from a judgment and conviction of exhibiting a deadly weapon other than in self-defense in violation of A.R.S. § 13–916. We have jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5). We affirm.

The case stems from a shooting incident in the early morning hours of October 28, 1977. A large party was being held in Yuma at the home of Alan Thieme, a police officer with the Yuma Police Department. Many but not all of the guests were also members of the Yuma Police Department. At approximately 2:00 A.M. on October 28, the defendant, Joseph Patrick Long, and three other men arrived at the party. Although Long had not been personally invited to the party, there was conflicting evidence as to whether one of the group had been invited.

All four men had been drinking for several hours prior to the party. There was testimony that when Long began behaving obnoxiously, Thieme asked him and two of the others, Joel Perry and Richard Rautenberg, to leave. They became argumentative, and, as a result, were escorted out of the house by several of the guests, some of whom were police officers. Threats were also uttered.

When they reached the pickup truck in which they had arrived, Perry got out a weapon, variously identified as a rifle or a shotgun by different witnesses, and fired it into the air. Then they left in the pickup truck.

About an hour later, Long, Perry, and Rautenberg returned to the party to get some beer and to look for their other companion. Rautenberg went inside while Perry and Long waited in the truck. While

Rautenberg was returning to the truck accompanied by one of the guests, an argument between Long, Perry, and several other people at the party broke out. Both Long and Perry picked up firearms. During the ensuing struggle the gun held by Long was discharged and the bullet struck William G. Edwards in the leg. Long had his gun taken away from him and he was held until on-duty police officers arrived.

Long and Perry were subsequently indicted by the Yuma County Grand Jury of assault with a deadly weapon, to wit, a gun, and of exhibiting a deadly weapon not in self-defense. The indictment was later amended to include a prior conviction for offering to sell cocaine. At trial the jury acquitted Long of assault with a deadly weapon but returned a guilty verdict for the crime of exhibiting a deadly weapon not in self-defense. Long was sentenced to two to four years in the Arizona State Prison.

Long's argument, as best we can deduce from his brief, is that the trial court should have sua sponte added an instruction concerning the burden of proof on the element of "not in self-defense." Long concedes that the court did give an instruction on self-defense and that he did not request any special instructions. Now, however, he urges that the failure to give specific instructions on his lack of burden of proof in regard to the self-defense element of the charge amounts to fundamental error necessitating reversal.

■ It is clear that failure to give an instruction that has not been requested waives any right on appeal to object unless the matter is one involving fundamental error. *State v. Arnett,* 119 Ariz. 38, 49, 579 P.2d 542, 553 (1978). This, however, is not such a case. We have reviewed the jury instructions covering the issues of self-defense and the burden of proof and we note that the jury was thoroughly and accurately instructed. The court not only instructed the jury that the state had to prove its whole case beyond a reasonable doubt but also instructed them on the legal definition of self-defense. Here, Long was charged with exhibiting a weapon not in self-de-

fense. Self-defense was not an affirmative defense; to the contrary, as one of the elements of the crime charged, the state had to prove a negative proposition—that Long had *not* acted in self-defense. Therefore, a directive, such as the one desired by Long, that the trial court must instruct on the defendant's "nonburden" would be, at best, repetitive, and at worst, confusing to a jury. We find no error.

■ For his second argument Long urges that there was insufficient evidence to support his conviction. Long's counsel has presented us with a minutely-detailed, overly-long (21 pages) statement of facts. Obviously, he wishes us to consider this material to ". . . find, as a matter of law, that the total evidence against the defendant will not support the verdict of guilty . . .." It is our practice, as well as our duty, to review the entire record, whether or not requested to do so. A.R.S. § 13–1715. Nevertheless, on appeal we do not perform as a second-echelon jury and reweigh the evidence to decide whether we would reach the same conclusion as the trier-of-fact. *State v. Acree,* 588 P.2d 836 (1978). We review the evidence in the light most favorable to sustaining the conviction and resolve all reasonable inferences in favor of the state. *State v. Moore,* 111 Ariz. 496, 497, 533 P.2d 663, 664 (1975). Having done so, in the instant case we cannot say that as a matter of law the verdict is clearly contrary to the weight of the evidence or that there is a complete absence of probative facts to support the verdict.

The judgment of conviction and the sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.