608 P.2d 299

**STATE of Arizona, Appellee,**

v.

**Walter Reed BROWN, Appellant.**

**No. 4878.**

Supreme Court of Arizona,
En Banc.

March 6, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Seplow & Rivkind by Morton Rivkind, Phoenix, for appellant.

HAYS, Justice.

Walter Reed Brown appeals from his conviction on two counts of robbery while armed with a gun. Taking jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5), we affirm.

On September 18, 1977, Apache Lanes, a bowling alley located in Mesa, Arizona, was robbed of its cash receipts by a lone, unmasked individual armed with a handgun and carrying a bowling bag. The thief had been observed by employees on numerous occasions during the week prior to the larceny, playing pinball in the bowling alley's

game room. The robbery occurred at approximately 5:15 P.M. and was accomplished by means of concealing the firearm in the bowling bag, entering the alley's business office, binding the employees with electrician's tape, loading the bowling bag with cash from the safe and hastily departing. On October 18, 1977, Melrose Bowling Alley in Phoenix was also robbed, the *modus operandi* and time of day being essentially identical.

Although various of the victim employees were subsequently able, both in photographic and in-person lineups and at trial, to identify appellant as the wrongdoer, the defendant claimed innocence and accordingly defended on a theory of mistaken identification.

## ADMISSIBILITY OF PRIOR BAD ACTS

■ Appellant initially claims that the trial court erred in admitting evidence of the alleged July 22, 1977 armed robbery of a bowling alley located near appellant's former residence of Addison, Illinois. Although appellant had not yet been convicted of the crime, charges for the Illinois larceny were pending against him at the time of trial.

The standard governing the admissibility of evidence of prior wrongs is set forth in 17A A.R.S. Rules of Evidence, rule 404(b) (Supp.1979). Although embellishing the principle somewhat, rule 404(b) has not significantly altered the rule existing prior to its 1977 adoption, *see State v. Moore,* 108 Ariz. 215, 495 P.2d 445 (1972), and we therefore find the previous case law in this area, where not inconsistent, to be controlling.

As a general rule, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *Id.* The vice inherent in such evidence is apparent.

"The danger to be avoided by excluding evidence of other offenses is that the jury may conclude that the defendant is a 'bad man' and convict on lesser evidence than would ordinarily be necessary to support a conviction. (citation omitted)." *State*

*v. Babineaux,* 22 Ariz.App. 322, 325, 526 P.2d 1277, 1280 (1974).

Rule 404(b) goes on, however, to cite the well-established principle that:

"[such evidence may] be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, <u>identity,</u> or absence of mistake or accident." (emphasis added).

In the instant case, appellant relied on a defense of mistaken identity. The testimony regarding the prior robbery thereby fell squarely within the identity exception underscored above, since it tended to verify the accuracy of the victims' pretrial and in-court identifications. *See State v. Padilla,* 122 Ariz. 378, 595 P.2d 170 (1979).

We have said that in order to be admissible to prove identity, the *modus operandi* of and circumstances surrounding the two crimes must be sufficiently similar. *See State v. Moore, supra.* However, in this regard, it has also been held that the trial court should be permitted considerable discretion since it is best able to evaluate such evidence and to balance its probative weight against the possibility of substantial prejudice to the defendant. *State v. Jones,* 26 Ariz.App. 68, 546 P.2d 45 (1976). In the case at bar, the similarities between the crimes charged and the larceny sought to be admitted are evident.

Initially, all three robberies involved bowling alleys. Further, each incident involved several days of visual observation or "casing" of the target lanes while using the pinball machines located in the game rooms of the prospective victim. We find of additional significance the use of a bowling bag to conceal the weapon and carry the stolen cash and the failure of the robber to in any manner conceal his identity. In our opinion, all of these facts supplied the crimes with an element of uniqueness and were sufficient to raise an inference that the same person committed the thefts.

In addition, there was "substantial evidence" of the Illinois robbery "sufficient to take the case to the jury." *State ex rel. LaSota v. Corcoran,* 119 Ariz. 573, 576, 583

P.2d 229, 232 (1978). This prerequisite was satisfied by the eyewitness identification of appellant as the Illinois thief and the discovery in appellant's apartment of two bank bags utilized by the Illinois lanes. Under these circumstances, we are unable to hold that, as a matter of law, the trial court abused its discretion in admitting the evidence to establish identity.

## PROBATIVE VALUE OF THE EVIDENCE

■ Appellant next claims that the identifying testimony of the victim-witnesses was unsure and inconclusive, thus, there being little other evidence establishing culpability, the state failed to prove appellant's guilt beyond a reasonable doubt. In our opinion, however, the probative value to be assigned such evidence is clearly a function falling within the capacity of the fact finder. Although it is our duty, in a criminal proceeding, to review the entire record on appeal, A.R.S. § 13–4035, this court will not sit as the trier of fact and once again balance the evidence adduced at trial. *State v. Long,* 121 Ariz. 280, 589 P.2d 1312 (1979).

## ADMISSION OF EXCLUDED EVIDENCE

At the hearing held pursuant to *State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969), *cert. denied,* 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970), the trial court ruled that a pretrial photo identification made by Barbara Cutting, an employee and victim of the Apache Lanes robbery, must be excluded as unduly suggestive, however permitted the witness to make an in-court identification at trial. The photographs utilized by Ms. Cutting at the pretrial identification were not excluded, since other eyewitnesses earlier in the trial had viewed them in what the trial court held were permissible photographic lineups and the exhibit had been admitted. The court's order notwithstanding, at trial the prosecution questioned Ms. Cutting regarding the excluded pretrial identification. Appellant's motion for mistrial was denied.

■ In our opinion, the actions of the state in ignoring the mandate of the court, if deliberate, were obvious misconduct and amounted to probable contempt. Moreover, even if the questioning resulted from mere prosecutorial oversight, such activity can generally not be condoned by this court. Although we are therefore highly critical of the conduct before us, in view of the overwhelming evidence of guilt in this case and the untimeliness of the appellant's objection, we do not feel compelled to remand this case for a new trial.

■ Initially, where evidence is erroneously admitted, reversal is required only when it is reasonably probable that, absent the tainted evidence, the jury would have reached a different conclusion. *State v. Celaya,* 27 Ariz.App. 564, 556 P.2d 1167 (1976). In the instant dispute, the facts as noted in this opinion indicate that the evidence of guilt was uniquely abundant. Three eyewitnesses from Apache Lanes and one from Melrose were able to positively identify appellant as the wrongdoer. Moreover, bank bags used by the alleys for storage of cash and allegedly taken by the thief were subsequently discovered on appellant's premises.

■ In addition, it is the law in Arizona that, absent fundamental error, lack of timely objection operates as a waiver on appeal. *State v. Milton,* 85 Ariz. 69, 331 P.2d 846 (1958). A quotation from the transcripts before us indicate in part the questions which led to appellant's objection:

Q [By the prosecution]: Referring to Exhibit Number 1. [the photographic lineup], do you recognize that?

A [By Ms. Cutting]: Yeah.

Q What is Exhibit Number 1?

A What do you mean?

Q Well, you said you recognized it. Can you tell us how you recognized it?

A By him showing it to us.

Q And what happened when you looked at Exhibit Number 1?

A He got identified on it.

Q Do you remember which one you identified?

A Number four [the defendant].

The photographs were then handed to a juror, at which time appellant moved the court for a mistrial.

It is clear that appellee's preliminary examination of the witness, which *in toto* was quite detailed, should have sufficiently informed appellant of the questions which were to follow. In our opinion, where counsel has had ample opportunity to raise an objection and fails to do so, s/he cannot be permitted to claim a mistrial on appeal.

### CONSOLIDATION FOR TRIAL

Appellant finally alleges error in the consolidation of the two robberies for purposes of trial. This position is unsupported by the law of this jurisdiction and is wholly without merit. 17 A.R.S. Rules of Criminal Procedure, rule 13.3(a)(1) permits joinder of two or more offenses which are of the "same or similar character." In view of the aforementioned similarities existing between the two robberies, we hold the above language controlling and find no error in consolidation.

Pursuant to the mandate of A.R.S. § 13–4035, we have carefully searched the record and have found no fundamental error.

The judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.