**Douglas Anthony SPITZNAS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–408.**

Court of Criminal Appeals of Oklahoma.

July 29, 1983.

Stephen Jones, Jones, Gungoll, Jackson, Collins & Dodd, Enid, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, Okl., for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

Douglas Anthony Spitznas, appellant, was charged and tried in the District Court of Garfield County, Case No. CRF–80–398, for the offenses of Rape in the First Degree, and sodomy. He was convicted by a jury on January 8, 1982, and was sentenced to ten (10) years' imprisonment for the first degree rape and to five (5) years for the offense of sodomy.

In his sole assignment of error, the appellant contends that the trial court committed fundamental error by failing to instruct the jury concerning the definition of "reasonable doubt." The appellant cites *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which held that the constitutional standard of proof in criminal cases is proof beyond a reasonable doubt. We find this standard was employed by the trial court. There is no constitutional requirement that the definition of "reasonable doubt" be given to the jury. The law in Oklahoma concerning the definition of reasonable doubt is well settled. In *Johnson v. State,* 632 P.2d 1231 (Okl.Cr.1981), the court held that the phrase "reasonable doubt" is self-explanatory and definitions of it do not clarify its meaning but only tend to confuse

the jury. *Templer v. State*, 494 P.2d 667 (Okl.Cr.1972); *Pannell v. State*, 640 P.2d 568, 570 (Okl.Cr.1982).

We are of the opinion that the appellant received the proper instruction from the trial court; the judgment is therefore AFFIRMED.

CORNISH and BRETT, JJ., concur.