OPINION
HOWARD, Judge.
Appellant was indicted and found guilty on three counts of child molestation in violation of A.R.S. § 13-1410 and three counts of sexual conduct with a minor in violation of A.R.S. § 13-1405. He was sentenced to 21 years in prison as to each count with terms to run concurrently. He raises three points on appeal: (1) That his wife’s claim of marital privilege should have prevented the state from forcing her to testify against him; (2) that a mistrial should have been granted when a witness for the state made references to appellant being on probation for a similar incident and to appellant being in the massage parlor business, and (3) that the trial court failed to weigh the pertinent factors and make findings in determining whether appellant’s prior conviction was admissible to impeach. We affirm.
The facts in this case are as follows. Appellant has, in the instant case, been accused of repeated sexual conduct with a nine-year-old friend of his daughter, consisting of masturbation, oral sex and the touching of the genitals. At trial the victim of appellant’s previous offense was allowed to testify that he had exposed him *523 self to her, although at that time evidence of his conviction was not admitted.
In addition, at the trial appellant’s wife was called by the state to testify against her husband. The testimony was given against her will. She had not requested to testify and her testimony was over the objection of the defense that her testimony violated the interspousal privilege. Mrs. Salzman’s testimony consisted of the fact that her husband had admitted sexual activity with the victim and that he had never accused the victim of lying in any of her accusations. She also testified that her husband had admitted to her the activities involved in his prior conviction. The victim also testified in detail about appellant’s actions.
Prior to trial the court had ruled that if appellant testified his prior conviction would be admissible to impeach his testimony. He chose not to testify. During the state’s case in chief, a state’s witness mentioned that appellant was on two-years’ probation for incidents “similar” to those for which he was currently on trial but never went into any detail. In addition the witness mentioned that appellant had been in the massage parlor business. Appellant objected to this testimony and moved for a mistrial.
MARITAL PRIVILEGE
The marital evidentiary privilege in Arizona gives one spouse the right to keep the other spouse off the stand as a witness. A.R.S. § 13-4062(1). Actually there are two separate marital privileges. The marital communication privilege and the marital fact privilege. While these two privileges have very different contours, for the purposes of the instant case they co-exist. See Udall/Livermore, Arizona Practice Law of Evidence 1982, §§ 72 and 73. Exceptions to this privilege exist in situations such as when the crime has been committed by one spouse against the other and in other enumerated instances not pertinent to this case. A.R.S. § 13-4062(1). In addition, A.R.S. § 13-3620(D) states in pertinent part:
“[T]he physician-patient privilege, husband-wife privilege or any privilege except the attorney-client privilege, provided for by professions such as the practice of social work or nursing covered by law or a code of ethics regarding practitioner-client confidences, both as they relate to the competency of the witness and to the exclusion of confidential communications, shall not pertain in any civil or criminal litigation in which a child’s neglect, dependency, abuse or abandonment is an issue nor in any judicial proceeding resulting from a report submitted pursuant to this section.”
A.R.S. § 13-3623(C) defines child abuse to include this definition contained in § 8-546(A)(2):
“ ‘Abuse’ means the infliction of physical injury, impairment of bodily function or disfigurement ... and shall include inflicting or allowing sexual abuse as provided in § 13-1404, sexual conduct with a minor as provided in § 13-1405, sexual assault as provided in § 13-1406, molestation of a child as provided in § 13-1410, commercial sexual exploitation of a minor as provided in § 13-3552, sexual exploitation of a minor as provided in § 13-3553 or incest as provided in § 13-3608.”
It is clear that the crimes of which appellant was accused, sexual conduct with a minor, as found in § 13-1405, and child molestation as found in § 13-1410, are specifically defined as being child abuse for the purposes of § 13-3620. Appellant makes the argument that § 13-3620 should be limited in application to child abuse of the children of the defendant and therefore this exception to the marital privilege against testifying could not be applicable in the instant case. While it is true that § 13-3620(D) carves an exception to. the privilege as defined in § 13-4062(1) this is no reason to totally ignore the plain wording of the statute. Section 13-3620 specifically says that the privilege does not pertain in a case in which a child’s abuse is at issue. This is clearly the case here and therefore the marital privilege against tes *524 tifying is not applicable and the state acted correctly in requiring Mrs. Salzman to testify against her husband. The statute here is clear. Words and phrases in statutes should be given their ordinary meaning. McIntyre v. Mohave County, 127 Ariz. 317, 620 P.2d 696 (1980); Bowslaugh v. Bowslaugh, 126 Ariz. 517, 617 P.2d 25 (1979); State v. Arnett, 119 Ariz. 38, 579 P.2d 542 (1978). See Udall/Livermore, supra, § 71, note 7.
REMARKS OF PROSECUTION WITNESS
Prior to trial appellant made a motion to preclude any evidence of his prior conviction. The court denied this motion and as a consequence appellant chose not to testify so that he would not be impeached with his prior conviction. During the testimony of the detective who interviewed appellant, the following exchange occurred:
“Q. What did [Mr. Salzman] then have occasion to say to you concerning this particular—
A. He advised me at the time that he was on two years’ probation for similar incidents with another female, with another girl. He also said that he was in the massage parlor business.”
While evidence of appellant’s actions which constituted his prior offense were held admissible under Rule 404(b), Arizona Rules of Evidence, 17A A.R.S., as a prior bad act, no evidence was admitted at that time that any conviction was involved. Appellant claims that reference to his being on probation as well as the use of the plural “incidents” was an impermissible reference to a prior offense.
Assuming that the remarks of the witness were improper because they indicated prior trouble with the law, State ex rel. La Sota v. Corcoran, 119 Ariz. 573, 583 P.2d 229 (1978); State v. Cross, 123 Ariz. 494, 600 P.2d 1126 (App.1979); State v. Babineaux, 22 Ariz.App. 322, 526 P.2d 1277 (1974), any error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). There is a three-part test for determining whether error is harmless: (1) When the facts are weighed, is it clear beyond a reasonable doubt that the defendant is guilty as charged? (2) Did the error contribute to the guilty verdict and if so to what degree? (3) If the Chapman-Harrington test is satisfied, do public policy reasons require reversal? State v. Devaney, 18 Ariz.App. 98, 500 P.2d 629 (1972). In the instant case the evidence is overwhelming. Even appellant’s wife testified that appellant never accused the victim of lying. As to whether the error influenced the verdict, appellant himself offered proof that it was his wife’s testimony that was the “clincher” in deciding the case. Even if the jury had interpreted the statement of the witness, made in passing and never re-emphasized, to mean that there were additional prior bad acts to those presented, this evidence would have been merely cumulative. As there are no public policy reasons for reversal in this case, we hold that the error was harmless beyond a reasonable doubt.
LACK OF FINDINGS
Appellant’s final complaint is that the judge failed to make findings on several pretrial motions. It has since been discovered that these were omitted through a clerical error and that the findings were indeed made.
Affirmed.
BIRDSALL, C.J., and HATHAWAY, J., concur.