703 P.2d 525
STATE of Arizona, Appellee,

v.

Albert KIMMEL, Appellant.

No. 2 CA–CR 3631.

Court of Appeals of Arizona,
Division 2, Department B.

March 27, 1985.

Review Denied May 21, 1985.

As Corrected Oct. 22, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Regula Case, Tucson, for appellant.

## OPINION

LIVERMORE, Judge.

Defendant, Albert Kimmel, was convicted after a jury trial of aggravated assault, two counts of kidnapping, and attempted first-degree escape. He was sentenced to presumptive terms of 3.75 years for assault, 15.75 years on each kidnapping count, and 5 years for escape. These sentences were to run concurrently but consecutively to the sentence being served at the time of these offenses. We have jurisdiction of this appeal under A.R.S. § 13–4033.

Early in the trial counsel for defendant moved to have all bench conferences recorded. Despite language in *State v. Babineaux*, 22 Ariz.App. 322, 526 P.2d 1277 (1974), and *State v. Sanchez*, 130 Ariz. 295, 635 P.2d 1217 (App.1981), stating that such conferences should be recorded, the trial judge refused to do so. He stated that in order for the reporter to record, counsel would have to speak so loudly that the jury would overhear, thus defeating the purpose of approaching the bench. He also felt that recording would invite argumentation thus delaying the trial and offending the jury. Accordingly, the trial judge required counsel to make any necessary record at the next recess.

There was no error in this case. First, and dispositive, defendant's counsel requested no bench conferences. No matter on which he requested a ruling went unreported. Assuming the trial judge engaged in anticipatory repudiation of appellate dictum, actual violation did not occur. Beyond this we do not believe that failing to report bench conferences is always, or even frequently, erroneous. Counsel must have the opportunity to make a record for appeal but that opportunity need not be contemporaneous if no prejudice results. Counsel must insure that the record is made. Counsel cannot insist, however, that it be made in the way most likely to disrupt or protract the trial or least economically to use the jury's services. The trial court has substantial discretion over these matters and it is only if counsel is prevented from raising or recording legitimate matters that error occurs. There is no suggestion of that in the record before us. See *State v. Berndt*, 138 Ariz. 41, 46, 672 P.2d 1311, 1316 (1983).

Defendant next contends that the judge was required to define the term "reasonable doubt." The law is otherwise. *State v. Hatton*, 116 Ariz. 142, 568 P.2d 1040 (1977). The instruction given by the trial court was essentially that contained in Recommended Arizona Jury Instruction (Criminal) No. 1.06 "Presumption of Innocence—Reasonable Doubt." That instruction does not define reasonable doubt, the Committee on Jury Instructions believing that "efforts to enlighten the jury concerning the meaning of ... [the term have been] ineffective." This echoes the statement in *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954), that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury" (quoting *Miles v. United States*, 103 U.S. [13 Otto] 304, 312, 26 L.Ed. 481, 484

(1881)). See also *Smith v. Bordenkircher,* 718 F.2d 1273 (4th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 2355, 80 L.Ed.2d 828; *United States v. Witt,* 648 F.2d 608 (9th Cir.1981); *State v. Burton,* 235 Kan. 472, 681 P.2d 646 (1984) ("no definition could make the concept of 'reasonable doubt' any clearer than the words themselves"); *Spitznas v. State,* 666 P.2d 1307 (Okl.Cr.1983).

 Finally, defendant contends that his sentence is excessive because the terms were made consecutive to the terms he was serving at the time of the offense. The trial judge stated his reasons for imposing consecutive sentences as required by A.R.S. § 13–708. There is no error. *State v. Perea,* 142 Ariz. 352, 690 P.2d 71 (1984).

The judgment and sentences are affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.