938 P.2d 93

**The STATE of Arizona, Appellee,**

v.

**Frank Joseph DAVILA, Appellant.**

**No. 2 CA–CR 95–0642.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 16, 1997.

Review Denied June 24, 1997.

---

A weapon prohibited by A.R.S. § 13–3102(A)(3) includes a "shotgun with a barrel length of less than eighteen inches." A.R.S. § 13–3101(7)(d). A Pima County sheriff's deputy testified to the weapon's measurements using various points of reference, and his testimony established that the barrel measured approximately 15 inches in length. Under the circumstances, it is impossible for us to consider setting aside this guilty verdict for insufficient evidence. *See State v. Arredondo*, 155 Ariz. 314, 746 P.2d 484 (1987).

We also find meritless appellant's contention that A.R.S. § 13–3102(A)(3) is unconstitutionally vague because it does not define what constitutes the "barrel" of a gun. Merely because the statute lends itself to more than one interpretation does not mean it is unconstitutionally vague but rather that the statute may need interpretation. In *State v. Takacs*, 169 Ariz. 392, 819 P.2d 978 (App.1991), Division One of this court found that a statute is not to be considered unconstitutionally vague because a term is undefined and susceptible to more than one meaning. 169 Ariz. at 395, 819 P.2d at 981. *See also Stoianoff v. Montana*, 695 F.2d 1214 (9th Cir.1983). Here the definition of barrel that the deputy sheriff used is consistent with the definition in Webster's New Collegiate Dictionary (1981 ed.), the "discharging tube of a gun." We thus find no merit to appellant's attempt to include other portions of the weapon within the definition in an attempt to stretch the weapon involved here beyond the common usage definition employed.

The judgment of conviction and the probationary term imposed are affirmed.

Grant Woods, the Attorney General by Paul J. McMurdie and Toni Marie Valadez, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender by Rebecca A. McLean, Tucson, for Appellant.

## OPINION

PER CURIAM.

Appellant was placed on intensive probation for three years after a jury convicted him of possessing a prohibited weapon, a sawed-off shotgun. On appeal appellant questions the sufficiency of the evidence to convict him and the constitutionality of A.R.S. § 13–3102(A)(3), the prohibited weapons statute. We affirm.

In order to determine the sufficiency of evidence, we examine the evidence in the light most favorable to upholding the conviction and resolve all reasonable inferences against a defendant. *State v. Neal*, 143 Ariz. 93, 692 P.2d 272 (1984). It is not for us to reweigh the evidence, *State v. Brown*, 125 Ariz. 160, 608 P.2d 299 (1980), but rather to determine whether any rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Tison*, 129 Ariz. 546, 633 P.2d 355 (1981).