NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SKYLAR IVAN WILENCHIK, *Appellant.*

No. 1 CA-CR 14-0455
FILED 7-14-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-006756-001
The Honorable Robert L. Gottsfield, Retired Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

Skylar Wilenchik, Florence
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1            This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for defendant Skylar Ivan Wilenchik has advised the court that, after searching the entire record, she has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Wilenchik was given the opportunity to file a supplemental brief pro se, and has done so. This court has reviewed the record and has found no reversible error. Accordingly, Wilenchik's convictions and resulting sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2            On October 10, 2011, Wilenchik's sister J.W.[2] returned to her condominium from a trip and discovered several items of jewelry were missing. Wilenchik, who had been staying at the condominium, denied any involvement. J.W., however, asked Wilenchik to move out, suspecting he was involved. J.W. reported the missing jewelry to the police. The police discovered the jewelry had been pawned. The tickets from the pawn shop listed Wilenchik as the person who pawned the jewelry. In April 2012, Wilenchik was charged by Indictment with seven counts of trafficking in stolen property in the first degree, each a Class 2 felony, with dates of offense on August 20, 2011 and various dates in October 2011.

¶3            Before trial, the State alleged aggravating circumstances and that Wilenchik had six historical non-dangerous felony convictions. On the State's motion, the court held an Arizona Rule of Evidence 609 hearing and

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588–89, 951 P.2d 454, 463–64 (1997) (citation omitted).

[2] Initials are used to protect the victims' privacy. *State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2, 78 P.3d 1060, 1062 n.1 (App. 2003).

allowed the use of four of Wilenchik's sanitized prior felony convictions for impeachment if he elected to testify. Although the State offered Wilenchik a plea agreement, after a proper advisement pursuant to *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000), Wilenchik rejected the plea.

¶4 On the second day of trial, Juror 10 told the bailiff she worked with the judge's wife and had not realized it during voir dire. The court promptly addressed the issue with counsel and, in open court but outside the presence of the other jurors, Juror 10 stated that the relationship would have no bearing on her opinion in the case and would not prejudice her in any way. After counsel was given an opportunity to ask her questions, the parties had no objections to Juror 10 continuing and she was one of the jurors that deliberated at the close of the evidence.

¶5 During the seven-day jury trial, the State called as witnesses J.W., investigating officers, a pawnshop employee and the pawnshop owner. After the State rested, Wilenchik unsuccessfully moved for a judgment of acquittal, arguing a lack of substantial evidence. Wilenchik then called as a witness J.K., a friend who was with Wilenchik during some of October 2011. Wilenchik also elected to testify on his own behalf, admitting during his testimony that he had four prior felony convictions.

¶6 Wilenchik did not dispute his signature on the pawn receipts, the jewelry listed or dates in question. Nor did Wilenchik deny pawning the jewelry. Instead, Wilenchik's defense was that he did not know the jewelry he pawned belonged to his sister. Wilenchik testified he believed the jewelry belong to his girlfriend, K.M., who asked Wilenchik to sell the jewelry because she lost her identification. Wilenchik also testified the diamond that was the subject of Count 1 had been given to him by his father and did not belong to J.W.

¶7 After the close of the evidence, the superior court properly instructed the jury; the jury heard closing arguments and, after deliberations, found Wilenchik guilty as charged. The jury was then discharged without making any determination regarding the aggravating circumstances alleged by the State.

¶8 At sentencing, based on his trial testimony, the court found Wilenchik had two prior historical felony offenses and sentenced Wilenchik as a repeat offender. After considering argument and information provided, the court sentenced Wilenchik to a mitigated term of 12 years in prison for each count, with each sentence to run concurrently. The court

also properly gave Wilenchik 806 days of presentence incarceration credit and ordered him to pay $15,000 in stipulated restitution.

¶9            This court has jurisdiction over Wilenchik's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2015).[3]

## DISCUSSION

¶10            This court has reviewed and considered counsel's brief and appellant's pro se supplemental brief, and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Searching the record and briefs reveals no reversible error. The record shows Wilenchik was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The evidence admitted at trial constitutes substantial evidence supporting Wilenchik's convictions. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed were within the statutory limits and permissible ranges.

¶11            Wilenchik raises three categories of arguments in his pro se supplemental brief that merit further discussion.

## I.      Sufficiency Of The Evidence.

¶12            Wilenchik challenges the sufficiency of the evidence, arguing (1) he is not guilty because he did not know the jewelry was stolen; (2) the diamond in Count 1 was given to him by his father; (3) the diamond was not two carats; (4) the diamond could not have been removed without special tools, which the pawn shop did not have; (5) the State did not prove the diamond was removed from the engagement ring; (6) the State never showed the stone alleged to have been replaced in the engagement ring was fake; and (7) J.W. "was caught multiple times lying [and] fabricating stories."

¶13            This court will not reverse a conviction "for insufficiency of the evidence unless there is no substantial evidence to support the jury's verdict." *State v. Scott*, 187 Ariz. 474, 477, 930 P.2d 551, 554 (App. 1996) (citing *State v. Hallman*, 137 Ariz. 31, 38, 668 P.2d 874, 881 (1983)). Substantial evidence is "'[m]ore than a scintilla and is such proof as a reasonable mind

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

would employ to support the conclusion reached.'" *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989) (citation omitted).

¶14        Wilenchik never denied selling the jewelry to the pawn shop. The pawn shop receipts were admitted as evidence and showed Wilenchik sold the jewelry to the pawn shop. Wilenchik, J.W. and the other witnesses each testified at trial and were each subject to cross-examination. When the evidence conflicted, the role of the jury was to resolve those conflicts by weighing and assessing the evidence received, including the credibility of the witnesses. This court does not re-weigh the evidence considered by the jury. *State v. Long*, 121 Ariz. 280, 281, 589 P.2d 1312, 1313 (1979). Having considered the evidentiary record in the light most favorable to sustaining the jury's verdict, Wilenchik has not shown the evidence was insufficient to support his convictions. *See State v. Rienhardt*, 190 Ariz. 579, 588–89, 951 P.2d 454, 463–64 (1997).

## II.      Wilenchik's Father As A Possible Trial Witness.

¶15        Wilenchik argues his father was "always in touch with my lawyer" and that his father "said he would testify to him giving me the diamond in Count 1." Wilenchik, however, did not call his father as a witness. Wilenchik could have invoked the court's subpoena power to do so, *see* A.R.S. § 13-4071, and Wilenchik does not claim he was prevented from doing so. In a post-verdict letter to the court, Wilenchik's father wrote that, when Wilenchik "asked me about going to trial, I told him there were facts that showed innocence. Those facts didn't prevail." Moreover, Wilenchik's claims about what his father may have said if called as a trial witness do not involve charges other than Count 1 and would have been cumulative to Wilenchik's trial testimony as to Count 1. Finally, to the extent this argument seeks to implicate the effectiveness of his trial counsel, such a claim can only be raised in post-conviction proceedings, not on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20, 153 P.3d 1040, 1044 (2007). Wilenchik has shown no reversible error regarding the possibility of his father being called as a trial witness.

## III.     Testimony Wilenchik Had Seen J.W. Wearing The Jewelry.

¶16        Wilenchik argues J.W. lied in court by

> tell[ing] the jury how I knew the jewelry was hers because I had seen her wear it at family functions. These family functions I couldn't have been at because I was incarcerated on a prior case. We (my lawyer) couldn't tell the jury

the victim was lying because the jury was not
allowed to know I had been incarcerated before.

This issue arose at trial when J.W. was asked, during cross-examination, when Wilenchik would have seen her wearing certain items of jewelry, including when they "lived together" as well as at "family affairs" or "family occasions" where Wilenchik and J.W. were present over a nearly 20-year period. The superior court discussed the matter with the parties outside of the presence of the jury in significant detail and took appropriate measures to allow cross-examination of J.W. to ensure the jury did not learn of Wilenchik's incarceration, including providing direction to J.W. herself. The court allowed counsel to cross-examine J.W. about whether Wilenchik attended certain family functions, and when she was again asked whether he attended a specific event she had previously testified about, she said "I don't remember now. I can't remember if he was there or not." Wilenchik has not shown how the superior court improperly handled the issue, or how this answer resulted in reversible error.

**CONCLUSION**

¶17        This court has read and considered counsel's brief and Wilenchik's pro se supplemental brief, and has searched the record provided for reversible error and has found none. *State v. Leon*, 104 Ariz. 297, 300, 451 P.2d 878, 881 (1969); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Accordingly, Wilenchik's convictions and resulting sentences are affirmed.

¶18        Upon the filing of this decision, defense counsel is directed to inform Wilenchik of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Wilenchik shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama